OWEN R. WILLIAMS, District Attorney, St. Croix County
This is the type of decision that tests this office.
There is inscribed in gold leaf in the impressive Governor's Conference Room the statement, "The will of the people is the law of the land." This is a simplified version of the American Dream. Sometimes, however, the printed statutes are the law of the land and so it is in this case.
Many good things can be said about consolidation, joint efforts and desire to unify action. Unfortunately, this opinion does not support those good purposes.
You state that the Wisconsin Council on Criminal Justice, Upper West Central Region, has considered the creation of a multi-county Narcotics Bureau in the nine county area adjacent to the Minneapolis-St. Paul metropolitan area. Assistance in funding such a joint program is available.
You inquire whether St. Croix County may join with the other eight counties to share the services of deputy sheriffs in narcotics investigations.
I am of the opinion that it can participate only to the limits permitted by secs. 59.24 (2), 66.305, 66.315, Stats. Sections59.24 *Page 597 
(2) and 66.305, read together, provide for mutual assistance of county law enforcement personnel, upon request, and sec. 66.315 provides for the responsibility for pay, service rights, and other benefits for law enforcement personnel while serving outside the county. The primary supervisory responsibility over the deputy sheriff must remain with the appointing sheriff, with secondary supervision during the period of service in another county being in the head of the law enforcement agency of the county or municipality which requested aid. The statutes do not permit the creation of a separate regional law enforcement agency and neither the sheriff nor the county board has power to delegate supervisory or law enforcement powers to such an agency.
We are concerned with deputy sheriffs paid from the county treasury, and the county board has an interest by reason of secs.59.15 (2) (c) (granting to the county board the authority to establish the wages and conditions of employment of employes and the number of employes in any department), 66.315 (1), (2), Stats., and an intergovernmental cooperation agreement between the counties would be permissible under sec. 66.30, Stats. Also see sec. 59.21 (1) (c), Stats., 45 OAG 267 (1956), and OAG 70-73, dated November 8, 1973, to District Attorney, Barron County, as to residency requirement for deputies.
It appears to me that any funding assistance would have to be made to the county and be paid into and appropriated out of the county treasury by the county board and could not be paid directly to the sheriff or deputy involved. See secs. 34.105,59.07 (5), 59.73, 59.74, 65.90, 66.042 (6), Stats.
VAM:RJV