STATE EX REL. CHOLKA, Petitioner, v. JOHNSON, Sheriff of Jackson County Respondent.†

Court of Appeals, District IV

*No. 78–133–W. Submitted on briefs August 28, 1978.— Decided September 20, 1978.*
(Also reported in 270 N.W.2d 438.)

† Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

For the petitioner the cause was submitted on the brief of *Michael G. Pritchard* and *Wisconsin Indian Legal Services*, of Madison.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* Attorney General, and *Michael R. Klos,* Assistant Attorney General.

Before GARTZKE, P. J., BABLITCH, and DYKMAN, JJ.

DYKMAN, J.   This is a petition for a writ of habeas corpus. The issue is whether probable cause existed to enable the lower court to bind petitioner over for trial. The dispute centers around the cause of death of a sixteen-year-old juvenile, Wilma Wilson.

The petitioner was charged with contributing to the delinquency of a minor, with death a consequence (sec. 947.15(1)(a), Stats.). Evidence at the preliminary examination showed that petitioner purchased a quart of Southern Comfort liquor, took it to a park, and along with three others, drank it. One of the others was the decedent, Wilma Wilson. Wilma drank at least half if not more of the bottle, commencing some time after 8:00 p.m. on April 29, 1978. She became very drunk, was put in a friend's automobile, and at 5:30 a.m. the next morning was carried into a house in a semiconscious or unconscious condition. She died before 1:30 p.m. that day.

The state relies upon two types of evidence to support its contention that probable cause had been shown to require a bind over for trial. First is the trial court's "practical and common sense conclusion that where a juvenile consumed a half quart of [Southern Comfort] liquor and died several hours later, the consumption of the liquor contributed to the juvenile's death." This is a judicial notice argument. In Wisconsin, a court may take judicial notice of a fact which is not subject to reasonable dispute in that it is either generally known within the territorial jurisdiction of the trial court or is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Sec. 902.01(2), Stats. Scientific facts or princi-

ples are suitable for judicial notice if they are accepted as certain in the appropriate scientific community. Mc-Cormick, *Evidence,* sec. 330 (2d ed. 1972). In this case, we are unwilling to judicially notice that the ingestion of one-half quart of Southern Comfort is lethal. This fact, we believe, is not "generally known" in the community, nor does it appear to be readily determinable by this court. We are willing to notice that Southern Comfort is an intoxicating beverage, but we cannot determine as a matter of law, or state as a matter of fact, the quantity necessary to intoxicate, or to kill, a particular person. *See Steinkrause v. Eckstein,* 170 Wis. 487, 491, 175 N.W. 988 (1920).

Second, the state contends that the probable cause of Wilma Wilson's death can be shown by a state crime laboratory "Report of Laboratory Findings" submitted pursuant to sec. 165.79(3), Stats., which provides:

"(3) At any preliminary examination a report of the laboratory's findings with reference to all or any part of the evidence submitted, certified as correct by the administrator, shall, when offered by the state or the accused, be received as evidence of the facts and findings stated, if relevant and otherwise admissible in evidence. The expert who made the findings need not be called as a witness unless his appearance is demanded by the opposing party, in which case the judge shall so order and adjourn the hearing to a time when the expert is available to testify."

The purpose of the statute is to avoid the time-consuming requirement that a crime laboratory employee testify at preliminary hearings about findings made after examining material sent to the laboratory. The laboratory's finding that the sample of blood (admittedly taken from Wilma Wilson) contained 4.68 milligrams per milliliter of ethyl alcohol is within the contemplation of the type of evidence sec. 165.79(3), Stats., makes admissible without testimony. The final paragraph of the

laboratory's report is: "Blood alcohol levels in excess of 3.5 milligrams per milliliter are considered lethal."

The problem thus raised in the defendant's objection to the introduction of the report's final paragraph is not an evidentiary question *per se,* but a question of statutory interpretation. In construing a statute the primary source is the language of the statute itself. *Wisconsin Environmental Decade v. Public Service Commission,* 81 Wis.2d 344, 350, 260 N.W.2d 712 (1978).

In analyzing the statute, it is evident that the report must be "of the laboratory's findings with reference to . . . the evidence submitted . . . ." Here, the final paragraph is with reference to a matter that is outside of the evidence submitted. The statement might be considered an opinion, but at the least is clearly not a report of any "findings" of the laboratory. Webster's New Collegiate Dictionary 430 (1977) defines "finding" as the "act of one that finds" and "the results of an investigation." The amount of blood alcohol found in Wilma Wilson's blood clearly falls within the definition of "finding." The percent of blood alcohol in Wilma Wilson's blood was determined by a test that, if it is accurate, has a minimal amount of human discretion built into it. The amount of blood alcohol considered to be lethal is not such a "finding."

We cannot determine the basis of the statement that blood alcohol levels "in excess of 3.5 milligrams per milliliter are considered lethal." Whether the laboratory analyst has the necessary qualifications to make the statement is not in the record. We cannot tell whether the statement was a product of experimentation, general knowledge, or actual expertise. These uncertainties, however, are more in the nature of evidentiary problems. We are certain, in any event, that the statement does not reflect a "finding" with respect to "evidence submitted."

The statute avoids the necessity of calling a State Crime Laboratory employee to testify about the results of scientific tests of materials sent to the laboratory. It does not extend further to allow the *ex parte* admission of facts or opinions that are independent of the test results. In this case, the statement could have been proved without the services of the State Crime Laboratory; it had nothing to do with the results of the tests actually run there. The paragraph, therefore, does not fall within the purview of sec. 165.79(3), Stats., and the court should have excluded it from evidence.

A preliminary hearing is not a trial. This court will only review the record to determine whether there is competent evidence for the judicial mind of the examining magistrate to act on in determining the existence of the essential facts. *State v. Berby,* 81 Wis.2d 677, 684, 260 N.W.2d 798 (1978). When the reviewing court has discovered that there is competent evidence for the judicial mind of the examining magistrate to act on in determining the existence of the essential facts, it has reached the limit of its jurisdiction and cannot go beyond that and weigh the evidence. *State ex rel. Huser v. Rasmussen,* 84 Wis.2d 600, 606, 267 N.W.2d 285 (1978). However, absent evidence of what amount of blood alcohol is considered lethal, the percent of alcohol in Wilma Wilson's blood is not significant. Thus, although the prosecution may be able to show properly that blood alcohol levels in excess of 3.5 milligrams per milliliter are considered lethal should he again commence prosecution of Mr. Cholka, that fact has not been properly proven in the criminal action to which this case pertains.

*By the Court.*—The writ of habeas corpus will issue and the respondent, George Johnson, Sheriff of Jackson County, is hereby ordered to release Donald M. Cholka from all custody.