IN INTEREST OF A. R.: K. R. and A. R., by her Guardian ad Litem, William T. Henderson, Appellants, v. ROCK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent.

Supreme Court

*No. 78–127. Submitted October 2, 1978.—Decided October 18, 1978.*
(Also reported in 270 N.W.2d 581.)

For appellants: *Michael J. Byron* and *William T. Henderson* of Beloit.

For respondent: *David Heitzman* of Janesville, and *Bronson C. La Follette,* attorney general.

*PER CURIAM.* The Rock County Department of Social Services has petitioned this court to review a court of appeals order granting a motion for relief pending appeal.

In July, 1978, the county court of Rock county entered an order finding six-year-old A.R. dependent and transferring her custody to the Rock County Department of Social Services for one year. In August, the mother and the guardian *ad litem* jointly filed a notice of appeal and a motion for relief pending appeal pursuant to sec. 808.07, Stats., and Rule 809.12. The motion sought an order staying execution and enforcement of the order transferring custody. On September 14, 1978, the court of appeals granted the motion for relief pending appeal and ordered custody of the child returned to her mother pending determination of the issues raised in the appeal.

The department petitioned this court pursuant to sec. 808.10, Stats., and Rule 809.62 to review the order granting the motion for relief pending appeal. In opposing review, the mother has contended that the court of appeals order is not a decision reviewable by this court.

Sec. 808.10, Stats., provides for review of court of appeals decisions by the supreme court:

"A decision of the court of appeals is reviewable by the supreme court only upon a petition to appeal granted by the supreme court. The petition to appeal shall be filed in the supreme court within 30 days of the date of the decision of the court of appeals."

That section does not define a "decision."

Sec. 808.10, Stats., was created by sec. 117 of ch. 187 of the Laws of 1977. Sec. 112 of ch. 187 created sec. 752.41, Stats., entitled Decisions, which provides:

"(1) In *each* case, the court of appeals shall provide a written opinion containing a written summary of the reasons for *the* decision made by the court.

"(2) Officially published opinions of the court of appeals shall have statewide precedential effect.

"(3) The supreme court shall determine by rule the manner in which the court of appeals determines which of its decisions shall be published." (Emphasis added.)

Because secs. 752.41 and 808.10, Stats., were created by the same law the word decision should be given the same meaning in each statute. In sec. 752.41(1), the decision referred to is the final decision disposing of the appeal or other proceeding because the statute refers to *"the* decision" made "in *each* case." The statute contemplates only one decision in each case and that decision must be supported by a written opinion containing a written summary of the reasons for the decision. If the statutes contemplate only one "decision" that is reviewable, that decision must be the one finally disposing of the case in the court of appeals.

In the instant case, the order granting the motion for relief pending appeal does not finally dispose of the appeal and is therefore not reviewable by the supreme court under sec. 808.10, Stats.

The Oregon Supreme Court reached the same result applying a similar statute in *Tjernlund and Tjernlund,* 275 Or. 483, 485, 551 P.2d 445 (1976). The appeal statute provided:

"Any party aggrieved by a decision of the Court of Appeals may petition the Supreme Court for review within 30 days after the date of the decision, in such manner as provided by the rules of the Supreme Court." O.R.S. 2.520.

The Oregon Supreme Court decided that a petition for review of a court of appeals order denying a motion

to dismiss the appeal was not a "decision" of the court of appeals appealable to the supreme court. The Oregon court said: "The action of the Court of Appeals is not a *decision* because it is not a final disposition of the case by the Court of Appeals." (Emphasis in original.)

The petition to appeal the court of appeals order granting the motion for relief pending appeal is dismissed.