STATE, Plaintiff-Respondent, v. WHITTY, Defendant-Appellant.

Supreme Court

*No. 78–197–CR. Decided December 18, 1978.*
(Also reported in 272 N.W.2d 842.)

For appellant: *Robert E. Sutton* of Milwaukee.

For respondent: *Bronson C. La Follette,* attorney general, *Kirbie Knutson,* assistant attorney general, and *James L. Carlson,* Walworth county district attorney, Elkhorn.

## PER CURIAM

The defendant-appellant, Thomas J. Whitty, has filed a "Petition for Bail Pending Appeal" asking this court to release him on bail while his appeal is pending in District II of the Court of Appeals. Because of the importance of the procedural issues raised, we have decided to publish this opinion explaining our reasons for denying this petition.

The following chronology of significant events in this case will aid in understanding the issues presented by this petition:

March 16, 1978—The jury returned a verdict finding the defendant guilty of sexual assault and burglary

April 19, 1978—The defendant filed a Notice of Appeal to the Supreme Court from the ". . . judgment and whole of the verdict of the jury . . ."

May 8, 1978—The trial court entered a judgment of conviction and sentenced the defendant to indeterminate terms of not more than eight years on the sexual assault

charge and five years on the burglary charge with such sentences to be served concurrently

July 19, 1978—Defendant filed a motion for a new trial or in the alternative for acquittal

August 2, 1978—Defendant filed a motion with the trial court for release on bond pending appeal pursuant to Rule 809.31[1]

August 2, 1978—The trial court held a hearing on the defendant's post-trial motion and motion for release on bond pending appeal and from the bench, denied both motions. An amended judgment of conviction, dated August 3, 1978, *nunc pro tunc* May 8, 1978, but file stamped August 2, 1978, was entered giving the defendant credit for time spent in pretrial incarceration

August 14, 1978—Defendant filed a Notice of Appeal to the Court of Appeals District II from the trial court's "decision" of August 2, 1978, denying his motion for new trial or judgment of acquittal

August 14, 1978—Defendant filed a "Petition for Review of the Order of the Trial Court with Respect to Bail" asking the

[1] That rule provides in pertinent part as follows:

"Rule 809.31 Release on Bond Pending Seeking Postconviction Relief.

"(1) A defendant convicted of a felony who is seeking relief from a conviction and sentence of imprisonment and who seeks release on bond pending a determination of a motion or appeal shall file in the trial court a motion seeking release.

"(2) The trial court shall promptly hold a hearing on the motion of the defendant, determine the motion by order, and state the grounds for the order.

"(3) . . .

"(4) . . .

"(5) The defendant or the state may seek review of the order of the trial court by filing a petition in the court. The procedures in Rule 809.50 govern the petition.

"(6) . . ."

Court of Appeals pursuant to Rule 809.31(5) to review the order of the trial court and release the defendant on bond pending appeal

September 13, 1978—District II of the Court of Appeals entered an order denying the defendant's petition for review stating ". . . there is no reason to overturn the trial court's refusal to grant release under Rule 809.31 . . ."

October 13, 1978—Defendant filed the instant "Petition for Bail Pending Appeal" with this court, stating that ". . . pursuant to the provisions of secs. 809.70 and 809.52 . . ." he was moving this court for an order ". . . enlarging the defendant-appellant upon bail during the pendency of his appeal in the Court of Appeals . . ."

It is clear that the defendant's reliance on Rules 809.52 and 809.70 as providing the basis for the instant petition is misplaced. Neither rule applies to a petition to this court for bail pending appeal. Rule 809.52 permits "the court" to grant temporary relief to someone who has filed a petition under Rule 809.50 or 809.51. Although the court is defined in Rule 809.01(4) as being either the Court of Appeals or Supreme Court depending on where the appeal or proceeding is pending,[2] it is clear from the context of Rule 809.52 that it applies only to the Court of Appeals. Rule 809.52 provides:

"A petitioner may request in a petition filed under Rule 809.50 or 809.51 that the court grant temporary relief pending disposition of the petition. The court or

[2] As noted above, the original appeal in this case was taken to the Supreme Court on April 19, 1978 from the jury's verdict of March 16, 1978. That clearly was not appealable under then sec. 817.09 or 817.33, Stats., and that purported appeal must be and hereby is, dismissed.

a judge of the court may grant temporary relief upon the terms and conditions it considers appropriate."

Rule 809.50 referred to above, sets forth the procedure for seeking leave to appeal a judgment or order not appealable as of right under sec. 808.03(1), Stats. This permissive appeal procedure applies to appeals from nonfinal orders or judgments in the Court of Appeals, not the Supreme Court.

Similarly, Rule 809.51 referred to above, applies in the first instance to the procedure for obtaining supervisory writs in the Court of Appeals. That same procedure is made applicable to the Supreme Court by Rule 809.71.

By the instant petition filed in this Court, the defendant has not asked the Court of Appeals for permission to appeal from a nonappealable judgment or order; nor has he sought a supervisory writ. Rather, he is asking the Supreme Court to grant his request for bail pending appeal. Clearly, Rule 809.52 does not apply to the Supreme Court in this situation.

Likewise, Rule 809.70, also cited by the defendant as a basis for the instant petition for bail pending appeal, does not apply in this case. Rule 809.70 sets forth the procedures to be followed in asking this court to take jurisdiction of an original action. Certainly, an individual's request for bail pending appeal is not a matter on which this court could appropriately exercise its original jurisdiction. *See Petition of Heil*, 230 Wis. 428, 284 N.W. 42 (1939). The defendant's reliance on Rule 809.70 as a basis for the instant petition is misplaced.

The procedural question posed by the instant petition is whether it should be viewed as a petition pursuant to Rule 809.62 for permission to appeal to the Supreme Court from an adverse decision of the Court of Appeals.

If it is so viewed, then the question becomes whether the Court of Appeals' order of September 13, 1978, is an adverse decision within the meaning of Rule 809.62 and sec. 808.10, Stats. Underlying these questions is the issue of what is the effect of sec. 969.01 (2) (d), Stats., which permits the Court of Appeals or a judge thereof or the Supreme Court or a justice thereof, to allow bail after conviction.

We conclude that the instant petition for bail pending appeal must be viewed as a petition pursuant to Rule 809.62 to appeal from an adverse decision of the Court of Appeals. Subsec. (5) of Rule 809.31, as quoted above in footnote 1, and the Judicial Council's committee notes appended to that rule indicate that whatever the disposition by the trial court of a motion for bail pending appeal, the losing side may petition for review of the trial court's order[3] in the Court of Appeals. The petition for review is filed following the procedure of Rule 809.50 for permissive appeals of orders or judgments which are not appealable as a matter of right under sec. 808.03 (1), Stats. An order by a trial court denying a motion for bail is not an appealable order within the meaning of sec. 808.03 (1), Stats., because it is not final. It does not determine the action. It therefore is a matter within the Court of Appeals' discretion as to whether permission should be granted to appeal from the trial court's order disposing of a motion for bail pending appeal.

Review of the Court of Appeals' decision is obtainable in this court pursuant to sec. 808.10, Stats., and Rule

[3] We note that there is no written order by the trial court denying the defendant's motion in the instant case. All that appears in this record is an excerpt from the transcript of the hearing on August 2, 1978, wherein the trial judge orally denied the defendant's motion. Our disposition of this petition makes it unnecessary to determine at this time whether this was a sufficient order upon which to seek review.

809.62. The state in its memorandum of authorities filed in this court in opposition to the instant petition, states that the petition should be denied because, among other reasons, the September 13, 1978 order of the Court of Appeals which denied the defendant's petition, did not finally dispose of the appeal and is therefore not reviewable by the Supreme Court under sec. 808.10, Stats. *See, In the Interest of A. R. v. Rock County Department of Social Services,* 85 Wis.2d 444, 270 N.W.2d 581 (1978).

If this contention were correct, this court would never be able to review a petition for bail pending appeal. This would be in apparent conflict with sec. 969.01(2) (d), Stats., which grants this court or a justice thereof the power to admit a defendant to bail pending appeal. In order to harmonize this statutory section with the new rules of appellate procedure, a petition for review of the trial court's order granting, or as in this case, denying, the petition for bail pending appeal filed in Court of Appeals of the order disposing of the motion for bail pending appeal must be considered as a new proceeding separate from the underlying appeal. Thus, the Court of Appeals' order of September 13, 1978, is a final disposition because it terminated the proceeding wherein the defendant sought permissive review of the trial court's order denying his motion for bail pending appeal. The September 13, 1978 order can therefore be reviewed by this court in the exercise of our discretion pursuant to sec. 808.10 and Rule 809.62. This does not mean that every order of the Court of Appeals denying a permissive appeal pursuant to Rule 809.50 is a final decision of that Court from which a petition to appeal may be filed in this court. It is only because review of a motion for bail pending appeal is specifically provided for in Rule 809.31(5)—utilizing the procedure set up for permissive appeals as found in Rule 809.50, coupled with

the specific statutory grant of authority in sec. 969.01 (2) (d), Stats., to this court to permit a defendant to be released on bail pending appeal, that we conclude the Court of Appeals' order is subject to review in this court. In the usual case, an order of the Court of Appeals denying permission to appeal from a nonappealable order, is not reviewable in this court because it is not a decision finally disposing of the case. *See In the Interest of A. R. v. Rock County Department of Social Services, supra,* p. 446.

Rule 809.31 was adopted by this court under our authority to promulgate rules regulating pleading, practice, and procedure in all courts. Sec. 751.12, Stats. The purpose of the rule is to set forth the procedure to be followed by a criminal defendant seeking release on bail pending appeal. The rule is a procedural limitation upon the right of such individual to seek release on bail after conviction from either the Court of Appeals or a judge thereof, or the Supreme Court or a justice thereof, as permitted by sec. 969.01 (2) (d), Stats.

In summary, the new rules of appellate procedure contemplate the following procedure to be followed by a defendant seeking release on bail pending appeal:

1) A defendant convicted of a felony who seeks release on bond pending appeal first files a motion seeking such relief with the trial court pursuant to Rule 809.31(1), Stats.
2) The trial court's order disposing of the motion is reviewable by the Court of Appeals upon that court granting permission to appeal pursuant to Rule 809.50 from an order which is not appealable as of right under sec. 808.03(1), Stats. Rather than considering the matter *de novo,* the Court of Appeals merely reviews the trial court's discretionary determination.
3) Further review is obtainable upon this court granting a petition to appeal filed pursuant to Rule 809.-

62 and 808.10, Stats., from an adverse decision of the Court of Appeals.

If a defendant seeks release on bond while his or her appeal is pending in the Court of Appeals, the above outlined procedure must be followed. If the trial court or Court of Appeals grants bail pending appeal, that order shall remain in effect until remittitur or until such order is specifically revoked by the court in which the appeal is pending.

If this court accepts the underlying appeal for review, either by granting a petition to appeal or to bypass, and if the defendant has not previously petitioned for bail pending appeal, such petition may then be made pursuant to Rule 809.31(1) to the trial court. The losing side may then directly petition this court for review of the trial court's order. This court will no longer accept direct petitions for bail pending appeal without application having first been made in the trial court under the procedure described above.

In the instant case, this court could in the exercise of its discretion grant the petition to appeal from the September 13, 1978 order of the Court of Appeals and thereby review the denial of the defendant's motion for bail pending appeal. However, we conclude this is not an appropriate case in which to grant a petition to appeal. *See, In re Standards to Review Petitions to Appeal,* 85 Wis.2d xiii (November 15, 1978).

An order consistent with this opinion and denying the petition to appeal has been entered.