STATE, Plaintiff in error, v. BARRETT, Defendant in error. [Case No. 77–641–CR.]

STATE EX REL. CHOLKA, Appellant, v. JOHNSON, Sheriff of Jackson County, Respondent. [Case No. 78–133–W.]

Supreme Court

*Nos. 77–641–CR, 78–133–W. Argued March 23, 1979.—*
*Decided May 16, 1979.*
(Also reported in 280 N.W.2d 114.)

For the plaintiff in error the cause was argued by *Edward S. Marion*, assistant attorney general. [Case No. 77–641–CR.]

For the defendant in error the cause was argued by *Ruth S. Downs*, assistant state public defender. [Case No. 77–641–CR.]

For the appellant the cause was argued by *Michael Klos*, assistant attorney general. [Case No. 78–133–W.]

For the respondent the cause was argued by *Michael Pritchard*, Wisconsin Indian Legal Services of Madison. [Case No. 78–133–W.]

*PER CURIAM.*

The question presented is whether the recent constitutional amendment and implementing legislation which established the court of appeals authorizes the state to seek further review of a decision of the court of appeals in a criminal matter, or in a habeas corpus proceeding arising out of a criminal prosecution which results in the discharge of the defendant.

In case No. 77–641–CR, the court of appeals affirmed an order of the circuit court for Richland county, RICHARD W. ORTON, Circuit Judge, dismissing an information charging defendant Ronnie Lee Barrett with battery to a peace officer, contrary to sec. 940.205, Stats. 1975, now sec. 940.20 (2). The opinion in this case has not been published. It is reported in the table of unpublished opinions. 87 Wis.2d 913, 273 N.W.2d 387. In case No. 78–133–W, the court of appeals ordered the discharge of petitioner Donald M. Cholka upon his petition to that court for a writ of habeas corpus to challenge the sufficiency of the evidence at preliminary examination in the county court of Jackson county to establish probable cause to bind the petitioner over for trial on a charge of contributing to the delinquency of a minor with death a consequence, contrary to sec. 947.15 (1) (a), Stats. *State ex rel. Cholka v. Johnson,* 85 Wis.2d 400, 270 N.W. 2d 438 (Ct. App. 1978).

In each case, the state filed a petition for review within thirty days following the date of the decision of the court of appeals. Before taking action on these petitions, we felt it necessary to decide whether the state was authorized to seek review of the decisions of the court of appeals in these cases. Accordingly, we invited memoranda and arguments from the parties. No memorandum was submitted or argument made on behalf of Donald M. Cholka. Nevertheless, because any objection to the right of the state to seek a review would stand on the same grounds in Cholka's case as in Barrett's, we have been sufficiently informed to decide the question.

The public defender argues that there is no state right to seek review in a criminal matter unless the right is affirmatively granted by legislative enactment, relying on *State v. Detco, Inc.,* 66 Wis.2d 95, 223 N.W.2d 859 (1974), and *State v. Kemp,* 17 Wis. 690 (*669) (1864). The *Kemp* case held that the state had no right to a writ

of error in a criminal case at common law. That holding was the basis of our observation in *Detco* that the state's right to appeal a judgment rendered in favor of a criminal defendant is purely statutory. Reasoning that the state should not be permitted to maintain a writ of error from an order of discharge in a habeas corpus proceeding, because it would have had no right to appeal the same order if made in the principal criminal action, the court held that an express statutory provision was necessary for the state to obtain review of an order in habeas corpus discharging a prisoner in *State v. Grottkau*, 73 Wis. 589, 41 N.W. 80, 1063 (1889). Since the basis for denial of the right to seek review absent statutory authorization is the same, the public defender's argument in Barrett's case is equally applicable to Cholka's.

The state responds by arguing that our jurisdiction in a criminal matter is no longer dependent upon authority to issue a writ of error or to entertain an appeal. The legislature has now designated the court of appeals as the court from which a writ of error issues. Sec. 808.02, Stats. Appeal is defined in sec. 808.01 as review in an appellate court of a judgment or order of a circuit or county court. Sec. 808.10 contemplates discretionary review by the supreme court of a decision of the court of appeals. Therefore, the jurisdiction exercised by the supreme court on a petition for review is not the power, whether mandatory or discretionary, to entertain an appeal as that term has been defined by the legislature. The state argues that if sec. 808.10 does not grant power to this court to review all decisions of the court of appeals, there is no authority anywhere in the statutes authorizing any review by this court of a decision of the court of appeals in a criminal case, whether at the instance of the state or the accused.

We conclude that our power to review decisions of the court of appeals is granted by art. VII, sec. 3(3) of the constitution as amended April 5, 1977, which reads as follows:

"The supreme court may review judgments and orders of the court of appeals, may remove cases from the court of appeals and may accept cases on certification by the court of appeals."

A grant of jurisdiction, whether by appeal or by prerogative writ, to the court of appeals, also grants review jurisdiction to this court. By virtue of the constitutional provision, a petition for review in this court is an extension of the proceedings conducted in the court of appeals. This constitutional jurisdiction has been implemented in secs. 808.10 and (rule) 809.62, Stats. The legislative enactment, sec. 808.10, governs our review jurisdiction of final decisions. *In Interest of A.R.*, 85 Wis.2d 444, 270 N.W.2d 581 (1978). By the same enactment, the legislature has limited our exercise of jurisdiction to review final decisions to those cases in which petitions for review have been filed within 30 days following the date of the decision of the court of appeals. *First Wisconsin Nat. Bank v. Nicholaou*, 87 Wis.2d 360, 274 N.W. 2d 704 (1979). Our court rule, sec. (rule) 809.62(1), provides that a party may file with the supreme court a petition for review of an adverse decision by the court of appeals. There is nothing in the rule to indicate that the only party who is permitted to file a petition for review in a criminal case is the accused. *Cf. State v. Campbell*, 282 N.C. 125, 191 S.E.2d 752 (1972). Accordingly, we determine that we have the power to entertain the petitions filed by the state in these two cases.

The issues raised in each case are appropriate for further review under standard C(2), *In re Standards to*

*Review Petitions to Appeal,* 85 Wis.2d xiii (1978). Orders will be entered granting the petition for review in each case.