DARWIN L. ZWIEG, District Attorney Clark County
You request advice regarding the territorial limits of police traffic operations. Specifically, you ask "whether the territory for Clark County police operations is co-extensive with venue of the Clark County [Circuit] Court." This inquiry is prompted by the dilemma of highways whose center lines form the boundary between counties and the resultant question of whether traffic officers from one county may ticket motorists traveling on that part of the highway outside the officers' county and whether the officers may park their patrol vehicles in the other county. *Page 195 
The answer to your specific inquiry is no, partly because you incorrectly assume that circuit courts have "venue," which actually relates to the place where an action is tried. State v.Dombrowski, 44 Wis.2d 486, 501-02, 171 N.W.2d 349 (1969). Thus, your inquiry more appropriately could be phrased as "whether Clark County officers have authority to conduct police operations in each and every territory in which a traffic offense triable in Clark County Circuit Court may arise." For the following reasons, the answer is no.
The statute governing venue in traffic regulation actions is sec. 345.31, Stats., which provides as follows:
 Section 971.19 on place of trial in criminal actions applies to actions for the violation of traffic regulations except that, in the case of a violation of an ordinance of a municipality which is located in more than one county, the action may be brought in any court sitting in that municipality even though in another county. AS an alternative, the plaintiff may bring the action in the county where the defendant resides.
Section 971.19, Stats., in turn, provides in pertinent part as follows:
 (1) Criminal actions shall be tried in the county where the crime was committed, except as otherwise provided.
. . . .
 (3) Where an offense is committed on or within one-fourth of a mile of the boundary of 2 or more counties, the defendant may be tried in any of such counties.
 (4) If a crime is committed in, on or against any vehicle passing through or within this state, and it cannot readily be determined in which county the crime was committed, the defendant may be tried in any county through which such vehicle has passed or in the county where his travel commenced or terminated.
Pursuant to the above two statutes, there are five situations in which a traffic regulation action can be tried in Clark County Circuit Court: (1) where the traffic offense occurs in Clark County; (2) where the traffic offense occurs outside Clark County but within a quarter of a mile from the county line; (3) where it cannot readily be determined in which county the traffic offense was committed, and *Page 196 
the vehicle has passed through Clark County or the defendant has begun or ended his travel in Clark County; (4) where the traffic offense occurs outside Clark County but violates an ordinance of a municipality which lies partly in Clark County and partly in another county; and (5) where the offense occurs outside Clark County but the defendant is a Clark County resident. Thus, by virtue of secs. 345.31 and 971.19, Stats., there are four situations in which traffic regulation actions can be tried in Clark County Circuit Court even though the offense did not occur within the county limits.
Just because a particular traffic offense is triable in Clark County Circuit Court, however, does not mean that traffic officers from Clark County can lawfully patrol territories outside Clark County or make arrests outside county lines. For example, as a general rule, Clark County traffic officers do not have authority to conduct police operations in areas lying a quarter of a mile into an adjoining county, such as Jackson County, nor could such officers arrest motorists violating traffic regulations while in the adjoining county. See State v.Barrett, 96 Wis.2d 174, 280 N.W.2d 114 (1980). Similarly, it is clear that Clark County officers have no authority to arrest every Clark County resident who violates a traffic offense in one of the other seventy-one Wisconsin counties. Yet, under sec.345.31, Stats., such actions could be tried in Clark County Circuit Court.
Sections 66.305 and 66.315, Stats., are concerned with mutual assistance between law enforcement agencies including county law enforcement agencies as provided in sec. 59.24 (2), Stats. Such statutes would empower police and peace maintenance duties outside territorial limits of their county. Your situation does not contemplate use of this type of law enforcement. Also see 63 Op. Att'y Gen. 596 (1974) with respect to cooperation agreements.
While the answer to your specific question is no, the decision in Barrett establishes that extraterritorial exercise of police powers by sheriffs and county traffic officers is primarily a matter for legislative clarification and sets forth some of the considerations in determining when county officers can make arrests outside of county boundaries. Thus, you may want to examine Barrett to gain a fuller understanding of this problem.
BCL:MMM:RJV *Page 197