IN the INTEREST OF J.S.R.: J.S.R., Petitioner,

v.

STATE of Wisconsin, Circuit Court, Children's Division, Fond du Lac County, Honorable John P. McGalloway, Jr., Respondent.

Supreme Court

*No. 82–2272–LV. Filed March 1, 1983.*

(Also reported in 330 N.W.2d 217.)

For the petitioner there was a petition to bypass the court of appeals by *Peter L. Grimm* and *Curtis A. Borsheim,* assistant state public defenders, Fond du Lac.

For the respondent there was a memorandum response to the petition to bypass by *Charles Schneider,* assistant district attorney, Fond du Lac.

PER CURIAM. J.S.R. has petitioned this court to grant a bypass of the court of appeals on the determination of whether leave to appeal a nonfinal order should be granted.

The substance of this matter stems from petitioner's unsuccessful motion for discovery and related relief during the course of juvenile proceedings. The request was denied by the circuit court on the basis of *T.M.J. v. State,* 110 Wis.2d 7, 327 N.W.2d 198 (Ct. App. 1982), petition for review denied January 18, 1983.

Petitioner sought leave from the court of appeals to appeal this nonfinal denial order but also immediately sought to bypass that court concerning this determination. He submitted that since *T.M.J.* was controlling and thus would have dictated denial of his request to appeal, and since consideration of *T.M.J.* was then pending in this court, bypass was appropriate.

Since further review of *T.M.J.* will not occur, it stands as statewide precedent pursuant to sec. 752.41(2), Stats. Thus, at best, denial of the petition to bypass on its merits would be warranted. However, because of the unusual circumstances under which the petition has evolved, we believe denial on other non-jurisdictional grounds is required.

Several decisions have indicated that a refusal by the court of appeals to grant leave to appeal is ordinarily not subject to further review by this court because that would interfere with the discretion vested in that court by statute. *See Aparacor, Inc. v. DILHR,* 97 Wis. 2d 399, 293 N.W.2d 545 (1980); *State v. Whitty,* 86 Wis. 2d 380, 272 N.W.2d 842 (1978). *State v. Jenich,* 94 Wis. 2d 74, 97a, 292 N.W.2d 348, 349 (1980) emphasized:

"The decision of whether to grant permissive appeals under sec. 808.03[2], Stats., rests within the sound discretion of the court of appeals."

The dissent (on other grounds) in that case noted the danger inherent in reviewing denials of attempted discretionary appeals:

"Holding that denial of a discretionary appeal is reviewable by this court would have very serious consequences. It would be an open invitation to engage in delaying tactics, by seeking a discretionary appeal from a nonfinal order, and then seeking review of the order denying the discretionary appeal. It would result in a flood of petitions to review in this court." *Id.* at 96, 288 N.W.2d at 124.

It is inconsistent to refuse to review the exercise of the court of appeals' discretion on nonfinal orders and yet permit litigants to bypass that court entirely on the determination. Such a procedure has the potential for delay, the concern for which was expressed in *Jenich*, particularly when the bypass effort would be unsuccessful.

Our refusal as a matter of policy to interfere with the discretion statutorily entrusted to the court of appeals to consider permissive appeal requests is nonetheless theoretically subject to certain exceptions. Pursuant to sec. 808.05(2) the court of appeals could certify the issue of whether to permit an appeal. *Cf. State v. Rabe,* 96 Wis. 2d 48, 291 N.W.2d 809 (1980). Additionally, this court has the power under sec. 808.05(3) to entertain such a determination on its own motion. Neither procedure is likely to be invoked in the absence of unusual circumstances. In any event, the litigants themselves cannot initiate the process by means of a bypass petition.

Accordingly, IT IS ORDERED that the petition to bypass is denied.