STATE of Wisconsin, Plaintiff-Respondent,

v.

Kenneth R. SALMON, Defendant-Appellant. [Case No. 91–0358–CR.]

STATE of Wisconsin, Plaintiff-Respondent,

v.

Anthony KOPPA, Defendant-Appellant. [Case No. 91–0389–CR.]

Court of Appeals

*Nos. 91–0358–CR, 91–0389–CR. Oral argument March 26, 1991.—Decided May 15, 1991.*

(Also reported in 471 N.W.2d 286.)

For the defendant-appellant there was a memorandum and oral argument by *Daniel S. Grable* of *Rummel & Grable* of Oconomowoc.

For the plaintiff-respondent there was a memorandum filed by *James E. Doyle,* attorney general, and *Sally L. Wellman,* assistant attorney general and oral argument by *Sally L. Wellman.*

For the defendant-appellant there was a memorandum by *Jerome F. Buting* and *Mitchell S. Solomon* of *Law Offices of William A. Pangman* of Waukesha and oral argument by *Jerome F. Buting.*

For the plaintiff-respondent there was a memorandum filed by *James E. Doyle,* attorney general, and *Sally L. Wellman,* assistant attorney general and oral argument by *Sally L. Wellman.*

Before Nettesheim, P.J., Brown and Scott, JJ.

PER CURIAM. Kenneth R. Salmon was convicted of homicide by intoxicated use of a motor vehicle and sentenced to five years in prison. The trial court denied Salmon's motion for release on bail pending

appeal. Anthony Koppa was convicted of homicide by negligent operation of a motor vehicle and sentenced to two years in prison. The trial court also denied Koppa's motion for release on bail pending appeal. Both Salmon and Koppa filed petitions for leave to appeal in which they sought appellate review of the orders denying release on bail pending appeal. See Rule 809.31(5), Stats.

Both petitioners challenged the trial courts' consideration of the likelihood of success on the merits of the underlying appeal. To clarify the proper role that such a consideration may play in deciding whether to release a convicted felon on bail pending appeal, this court granted the petitions. The cases were consolidated and the parties submitted supplemental memoranda addressing the court's concerns.

We conclude that a trial court's consideration of the merits of the underlying appeal is authorized by Rule 809.31(3)(d) and 809.31(4), Stats. We further conclude that an appellate court may consider the merits of the underlying appeal as part of its determination whether immediate review of the order denying release on bail pending appeal is necessary to prevent irreparable injury to the petitioner.

Applying that holding to these appeals, we conclude that both trial courts properly considered the merits of the underlying appeal. We further conclude that the trial court did not abuse its discretion in denying Koppa's motion for release on bail pending appeal. We reverse, however, the order denying Salmon's motion because the court's conclusion that Salmon was likely to flee during the pendency of the appeal is without any evidentiary basis. We remand the matter to the trial court for further consideration of Salmon's motion.

██ A person convicted of a felony seeking release on bail pending appeal must first file a motion seeking such relief with the trial court. Rule 809.31(1), Stats. That motion is directed to the sound discretion of the trial court. Section 969.01(2)(c), Stats. *See also State v. Whitty,* 86 Wis. 2d 380, 388, 272 N.W.2d 842, 846 (1978). A party aggrieved by the trial court's decision may seek appellate review by filing a petition for leave to appeal in this court. Rule 809.31(5).

The trial court's exercise of its discretion is guided by Rule 809.31(3) and (4), Stats. The court may grant release on bail pending appeal if the court finds that: (1) there is no substantial risk that the defendant will not appear to answer the judgment following the conclusion of postconviction proceedings; (2) the defendant is not likely to commit a serious crime, intimidate witnesses, or otherwise interfere with the administration of justice; (3) the defendant will promptly prosecute postconviction proceedings; and (4) the postconviction proceedings are not taken for purposes of delay. Rule 809.31(3). Additionally, the trial court "shall take into consideration the nature of the crime, the length of the sentence and other factors relevant to pretrial release." Rule 809.31(4).

Relying on general rules of statutory construction, Koppa contends that a trial court may not consider the merits of the underlying appeal because that factor is not expressly mentioned in Rule 809.31, Stats. *See State v. Smith,* 103 Wis. 2d 361, 366, 309 N.W.2d 7, 9 (Ct. App. 1981). Koppa further contrasts Rule 809.31 with the requirements for relief pending appeal in a civil matter wherein this court may consider the moving party's likelihood of success on the merits. *See Leggett v. Leggett,* 134 Wis. 2d 384, 385, 396 N.W.2d 787, 788 (Ct. App. 1986). Last, Koppa points out that Rule 809.31 is based

on the American Bar Association's *Standard for Criminal Justice,* Criminal Appeals, sec. 21–2.5. *See* Judicial Council Committee's Note, 1978, Rule 809.31. Koppa asserts that those standards do not require a defendant seeking release on bail pending appeal to show a likelihood of success on the merits of the underlying appeal and that Rule 809.31 should be interpreted likewise.

Koppa's contentions do not withstand a close examination of the language of Rule 809.31, Stats. We agree with the state's position that Rule 809.31 implicitly approves the consideration of the merits of the underlying appeal.

In deciding whether to grant a motion for release on bail pending appeal, the trial court may consider those "factors relevant to pretrial release." Rule 809.31(4), Stats. The factors relevant to pretrial release are set forth in sec. 969.01(4), Stats., and include "the character and strength of the evidence which has been presented to the judge." In the postconviction context, that factor permits the court to consider the strength of the evidence against the defendant or, viewed conversely, the merits of the defendant's challenge to his conviction.

That conclusion is further supported by an examination of the rationale underlying release on bail pending appeal. A person convicted of a felony has lost the presumption of innocence and, if imprisoned, his right to unfettered liberty. The possibility of release on bail pending appeal exists to protect against the risk that a defendant whose conviction is ultimately reversed will have been irreparably injured by imprisonment pending appeal. That injury only occurs, however, if the defendant's conviction is reversed. The likelihood that an appeal will be successful is, therefore, a necessary consid-

eration in determining whether a defendant should be released on bail pending appeal. If the defendant is not likely to succeed on the merits of the appeal, the risk of irreparable injury is minimal and the justification for release on bail pending appeal is not present.

The next question is whether this court can consider the likelihood of success on the merits of the underlying appeal. This court's review is not *de novo,* but rather this court merely reviews the trial court's discretionary determination. *Whitty,* 86 Wis. 2d at 388, 272 N.W.2d at 846.

This court reviews the trial court's discretionary decision within the permissive appeal procedure. Among the criteria guiding this court's decision whether to grant a petition for leave to appeal from a nonfinal order is that immediate review is necessary to protect the petitioner from irreparable injury. Section 808.03(2)(b), Stats. If the defendant's underlying appeal is meritorious, then the possibility of reversal of the conviction exists. Thus, the potential for irreparable injury if this court denies interlocutory review of the trial court's denial of release on bail pending appeal increases as the likelihood of success on the merits increases. We conclude that this court may consider the merits of the underlying appeal as part of its decision whether immediate review of the order denying release on bail pending appeal is warranted.

We next examine the individual orders before the court. The trial court denied Koppa's motion for release on bail pending appeal because Koppa had not shown a likelihood of success on the merits. Koppa had advised the court that his sole issue on appeal would be whether the court had abused its discretion in sentencing.

375

The trial court stated that the likelihood of the sentence being overturned on appeal was "negligible." Because reversal was unlikely, the trial court determined that the postconviction proceedings were being taken for purposes of delay. The court also discussed the other considerations of Rule 809.31, Stats., as they applied to Koppa and concluded that the motion should be denied. The trial court engaged in a process of reasoning based on the facts of record and the proper legal standards. The trial court did not abuse its discretion. *See Hartung v. Hartung,* 102 Wis. 2d 58, 66, 306 N.W.2d 16, 20–21 (1981).

In Salmon's case, the trial court acknowledged that meritorious issues existed and that the appeal was not being taken for purposes of delay. The denial was based exclusively on the court's belief that there was a great likelihood that Salmon would not appear to answer to the offenses if the judgment were upheld on appeal. While that factor is a proper consideration for the court, the record does not contain any facts that support the court's conclusion that Salmon would likely flee during the pendency of the appeal. An abuse of discretion occurs if the court relies on facts that are not of record. *See Thorpe v. Thorpe,* 108 Wis. 2d 189, 195, 321 N.W.2d 237, 240 (1982). Therefore, we conclude that the order denying Salmon's motion for release pending appeal should be reversed and the matter remanded to the circuit court for further consideration of whether release on bail pending appeal should be granted.

*By the Court.*—Order in 91–0358–CR reversed and cause remanded with directions; order in 91–0389–CR affirmed.