IN the MATTER OF the ESTATE OF Frances M. MOCCERO,
Deceased: Judith TEMPLETON, Appellant,

v.

Samuel J. MOCCERO, Respondent.

Court of Appeals

*No. 90-2774. Oral argument September 5, 1991.—Decided
March 26, 1992.*

(Also reported in 483 N.W.2d 310.)

For the appellant the cause was submitted on the briefs of *James Carney* of *Nowlan & Mouat* of Janesville and orally argued by *James Carney*.

For the respondent the cause was submitted on the brief of *Jeffrey T. Roethe* and *Dale E. Pope* of *Roethe,*

*Buhrow, Roethe & Pope* of Edgerton and orally argued by *Jeffrey T. Roethe.*

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J.   Judith Templeton, daughter of the deceased, Frances M. Moccero, appeals from an order entered November 20, 1990, in proceedings to probate her mother's estate. Templeton successfully secured for the estate the homestead which Frances deeded to Frances' husband, Samuel J. Moccero, shortly before her death. Templeton claims that Samuel's interest in the Moccero's homestead should have been included in her mother's estate to reimburse her under sec. 879.63, Stats., for her expenses and attorney fees incurred in securing the property for the estate. She also claims that Frances' interest in a Milwaukee Company stock account and a Prudential-Bache stock account should have been included in the estate.

## DECISION

We conclude that the circuit court properly rejected Templeton's claim as to the Prudential-Bache account because she did not timely object to the administrator's failure to include the account in the inventory of the estate. We also conclude that the court's finding that the Milwaukee Company account was a joint tenancy with right of survivorship which was not includable in Frances' estate is not clearly erroneous. However, we further conclude that the circuit court erred in excluding Samuel's deferred marital property interest in the homestead from the estate. We therefore affirm the circuit court's order in part and reverse in part.

315

Frances M. Moccero died testate October 2, 1988. The estate was administered informally until a demand for formal proceedings was filed March 10, 1989. On October 31, 1989, the circuit court entered a pretrial order providing that parties objecting to the inventory of the estate should make specific objections in writing by December 22, 1989. On December 22, 1989, Templeton filed an objection to including the homestead of the parties in the inventory as survivorship marital property and failing to include in the inventory Frances' interest in the Milwaukee Company account. Templeton did not object to the omission of the Prudential-Bache account from the inventory.

On January 24 and 25, 1990, the circuit court held a hearing on the objections and concluded that the deed to Samuel of the homestead, executed by Frances immediately before her death, was a nullity. The court subsequently concluded that Templeton was therefore entitled under sec. 879.63, Stats., to be reimbursed from the estate for her expenses and attorney fees in securing the property for the estate. The court however, excluded from the estate a one-half interest subject to Samuel's election under sec. 861.02(1), Stats.

The court also found that the Milwaukee Company account was a joint account not subject to administration. As to the Prudential-Bache account, the circuit court rejected Templeton's objection because she failed to file the objection within the time required by the scheduling order.

## I.

## COSTS AND FEES FOR PRESERVING ESTATE

██ Templeton claims that the circuit court erred in excluding Samuel's one-half interest in the homestead from the estate subject to her claim under sec. 879.63, Stats. Samuel does not contend that the circuit court erred in determining that the deed conveying the homestead to him was a nullity. He concedes that the circuit court properly added Frances' one-half interest in the property to the estate inventory. He argues, however, that the circuit court properly excluded from the estate his one-half interest in the property which was subject to his election under sec. 861.02, Stats.

Section 879.63, Stats., provides as follows:

> Whenever there is reason to believe that the estate of a decedent as set forth in the inventory does not include property which should be included in the estate, and the personal representative has failed to secure the property or to bring an action to secure the property, any person interested may, on behalf of the estate, bring an action in the court in which the estate is being administered to reach the property and make it a part of the estate. If the action is successful, the person interested shall be reimbursed from the estate for the reasonable expenses and attorney's fee incurred by him in the action as approved by the court but not in excess of the value of the property secured for the estate.

The question under this statute is whether Templeton's action reached the homestead property "and [made] it a part of the estate." We conclude that it did.

Frances did not make a specific bequest of the homestead. Under the residuary clause of her will, eighty

percent of the residue of the estate was bequeathed to Templeton and twenty percent to Templeton's children. The homestead was purchased October 16, 1978. Until five days before her death, the property remained in Frances' name. The effect of the court order declaring the deed from Frances to Samuel a nullity was to continue title to the home in Frances.

The parties agree that the homestead was not marital property subject to sec. 861.01(1), Stats., but was "deferred marital property," as defined in sec. 851.055, Stats.[1] Section 861.02(1), Stats., gives to the surviving spouse the right to elect a one-half interest in deferred marital property. Section 861.02(1) provides:

> In addition to the right to elect under s. 861.03 and unless barred under s. 861.13,[2] at the death of a spouse whose domicile is in this state the surviving spouse may elect, under s. 861.11, not more than a one-half interest in any or all items of the deferred marital property then owned by the decedent spouse which is subject to administration, reduced by any of that property used to satisfy obligations for which the property is available under s. 859.18.

Section 861.11, Stats., requires that a surviving spouse who wishes to elect under sec. 861.02(1), shall file a written instrument of election with the court in which the decedent's estate is being administered. Samuel filed that election on March 1, 1990.

The probate statutes distinguish between marital property and deferred marital property. "The surviving

---

[1]Section 851.055, Stats., defines "deferred marital property" as "property acquired while spouses are married and while ch. 766 [Marital Property] does not apply, which would have been marital property under ch. 766 if it were acquired when ch. 766 applied."

[2]Sections 861.03 and 861.13, Stats., are not applicable.

318

spouse's undivided one-half interest in each item of marital property is not subject to administration." Section 861.01(1), Stats. Under the familiar principle of statutory construction that the expression of one excludes the other, *Teamsters Local 695 v. Waukesha County,* 57 Wis. 2d 62, 67, 203 N.W.2d 707, 710 (1973), deferred marital property is subject to administration. Our conclusion is supported by the fact that the deferred marital property which the surviving spouse may elect is first reduced by any of the property used to satisfy obligations for which the property is available under sec. 859.18, Stats., which includes obligations of spouses under sec. 766.55(2), Stats.

Our conclusion is further supported by sec. 857.01, Stats., which provides in part: "Upon his or her letters being issued by the court, the personal representative succeeds to the interest of the decedent in all property of the decedent. . . . The personal representative shall determine when, during administration, property shall be distributed to satisfy an election under s. 861.02(1)." Plainly, the personal representative could not determine when to distribute property to satisfy the surviving spouse's election of deferred marital property if that property never became subject to administration.

Samuel argues that the value of the deferred marital property he elected should not be brought into the estate for the sole purpose of paying Templeton's expenses and attorney's fees under sec. 879.63, Stats. Samuel's argument fails because the homestead was part of the estate for all purposes of administration, subject to Samuel's election under sec. 861.02(1), Stats., to take a one-half interest therein, as reduced by the claims allowed against the property. We conclude that deferred marital property is subject to a claim under sec. 879.63.

319

## II.

### THE MILWAUKEE COMPANY ACCOUNT

Templeton contends that one-half of the Milwaukee Company account of $50,000 was Frances' individual property which passed under the terms of Frances' will to Templeton and her children. She argues that Samuel made a gift to Frances of this amount, and that under sec. 766.31(7)(a), Stats., gifts are not marital property. The circuit court found that the Milwaukee Company account was a joint account. The court agreed that Samuel's intent to make a gift of one-half of the account to Frances was clear. However, it was also clear to the court from the testimony that both Frances and Samuel intended that the Milwaukee Company account would be a joint account with the right of survivorship. "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Section 805.17(2), Stats. If the court's finding is not clearly erroneous, the Milwaukee account was a "nonprobate" transfer. *See* 3 Keith A. Christiansen et al., *Marital Property Law in Wisconsin* § 12.20a(b) (2d ed.).

William Miner, a stockbroker employed by The Milwaukee Company, testified that the Milwaukee Company account was a joint account. He further testified that the account was carried on the books of the Milwaukee Company as a true joint tenancy with rights of survivorship. The circuit court also found that the testimony was clear that both parties believed that Frances would outlive Samuel, and that Samuel intended that Frances should receive his money as his survivor. The circuit court concluded that based upon secs. 705.04(1) and 766.60(4), Stats., the court could not find that the Mil-

waukee Company account was anything other than a joint account with the right of survivorship.

Section 705.04(1), Stats., provides in part: "Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent unless there is clear and convincing evidence of a different intention at the time the account is created." Section 766.60(4)(a), Stats., provides that spouses may hold property in a form that provides survivorship ownership.

■

We conclude that the circuit court's finding that the Milwaukee Company account was a joint account is not clearly erroneous and we further conclude that the court correctly applied the law.

## III.

## THE PRUDENTIAL-BACHE ACCOUNT

The circuit court entered a pre-trial order which included the following: "Parties objecting to the inventory shall have until December 22, 1989 to make specific objections in writing to the inventory filed by the Personal Representative." On December 22, 1989, Templeton objected to the inclusion of the homestead in the estate as survivorship marital property and the personal representative's failure to include the Milwaukee Company account in the estate. She did not object to the failure of the personal representative to include the Prudential-Bache account in the estate. Because Templeton does not claim that the circuit court abused its discretion in excluding her claim with respect to the Prudential-Bache account, there is nothing before us in this respect for us to review.

*By the Court.*—Order affirmed in part and reversed in part.