TEAMSTERS UNION LOCAL 695, Respondent, v. COUNTY OF WAUKESHA, Appellant.

*No. 252. Submitted January 2, 1973.—Decided January 30, 1973.*
(Also reported in 203 N. W. 2d 707.)

For the appellant the cause was submitted on the brief of *Willis J. Zick,* corporation counsel.

For the respondent the cause was submitted on the brief of *Goldberg, Previant & Uelmen* of Milwaukee.

ROBERT W. HANSEN, J. A number of issues are raised or present themselves on this appeal. However, the threshold that must be crossed to reach any of them is the question of appealability. If the order or judgment of the trial court directing the parties to proceed to arbitration is not appealable, this court is without jurisdiction to do more than to dismiss the appeal.[1]

[1] *See: Estate of Hillery* (1970), 46 Wis. 2d 689, 696, 176 N. W. 2d 376, holding, "Since the order here appealed from is non-appealable, this court has no jurisdiction to entertain the appeal . . . ." *See also: Mitler v. Associated Contractors* (1958), 3 Wis. 2d 331, 333, 88 N. W. 2d 672; *Estate of Stoeber* (1967), 36 Wis. 2d 448, 451, 153 N. W. 2d 599.

While not raised or argued on this appeal, this basic question of appealability must be initially resolved as it goes to the jurisdiction of this court to hear the appeal at all.[2]

This is not a situation where we deal with a resort to arbitration in an effort to resolve a labor dispute as to wages, hours or working conditions. Such a situation involves the use of arbitration to reach an agreement as to the terms of a collective-bargaining agreement not yet agreed to. Rather, this is a resort to arbitration to settle a grievance arising under a collective-bargaining agreement previously entered into and binding upon the parties thereto. This court has held: ". . . The legislature has passed statutes doubtless of statewide concern, which provide that the city's agreement to arbitrate grievances is binding on the city." [3] The statement, made in regard to the city there involved, applies similarly to the county in the present case.

However, to have thus held that an ". . . arbitration clause contained in the collective-bargaining agreement is binding upon the city [here county] and is specifically enforceable in the courts . . . ," [4] does not exactly answer whether a trial court order directing a city or county to submit a grievance to arbitration, as a bargaining agreement provides, is appealable to this court.

Whether the trial court order compelling submission of the grievance to arbitration is appealable ". . . de-

---

[2] " 'It is the duty of this court, notwithstanding no issue has been raised by counsel, to take notice of a point which goes to the jurisdiction of this court on appeal and to dismiss the appeal on its own motion, if the order of the trial court is not an appealable order.' " *Dombrowski v. Tomasino* (1964), 24 Wis. 2d 16, 18, 127 N. W. 2d 786, quoting *Yaeger v. Fenske* (1962), 15 Wis. 2d 572, 573, 113 N. W. 2d 411.

[3] *Local 1226 v. Rhinelander* (1967), 35 Wis. 2d 209, 220, 151 N. W. 2d 30.

[4] *Id.* at page 220.

pends primarily on the language of the statute of the particular jurisdiction, if any, defining appealability or listing or describing the kinds of orders which are or are not appealable. . . ." [5]

In ch. 298 of our statutes dealing with arbitration, sec. 298.15, Appeal from order or judgment, provides:

"An appeal may be taken from an order confirming, modifying, correcting or vacating an award, or from a judgment entered upon an award, as from an order or judgment in an action."

An order or judgment that does no more than direct the parties to proceed with arbitration of a grievance, as provided in a collective-bargaining agreement between them, does not fall within the type of order or judgment listed. The order here did not confirm, modify, correct or vacate an arbitration award. Nor could it be a judgment entered upon an award, for no award had been made. The items listed are those that are made statutorily appealable. Under the general rule of statutory construction, *expressio unius est exclusio alterius,*[6] it follows that the order compelling submission of the' dispute to arbitration is not appealable.

Since it is the language of the precise statute involved that controls, we do not analyze or summarize decisions on the point involved in other jurisdictions.[7] However, we note that one such other jurisdiction, California, had this matter before it under a statute identical to our

[5] Annot. (1964), 94 A. L. R. 2d, *Arbitration—Appealability of Order,* p. 1078, sec. 4.

[6] "Under the general rule of express mention and implied exclusion, the express mention of one matter excludes other similar matters not mentioned; . . ." 82 C. J. S., *Statutes,* p. 668, sec. 333. *See also:* 50 Am. Jur., *Statutes,* p. 238, sec. 244.

[7] *See:* Annot. (1964), 94 A. L. R. 2d, *Appealability of order or decree compelling or refusing to compel arbitration,* at page 1071.

sec. 298.15, Stats.[8] On its own motion the California court held that an order directing arbitration under a collective-bargaining agreement to be nonappealable.[9] In an earlier case, the California court spelled out the rationale of its statutory construction:

". . . the fact that the legislature saw fit to specify in one code section the different orders and judgment from which appeals may be taken clearly indicates, in our opinion, an intention to restrict the appeals in such proceeding to the orders and judgment therein specified *and the obvious reason for not including among such appealable orders the one which directs the parties to proceed with the arbitration was that if at the very threshold of the proceeding the defaulting party could appeal and thereby indefinitely delay the matter of arbitration, the object of the law and the purpose of the written agreement of the parties would be entirely defeated.*" [10] (Emphasis supplied.)

There is no gainsaying the point made in the California decision that the time element involved in appeals of trial court orders to parties to proceed with arbitration, where required by a bargaining agreement, would

[8] Sec. 1293 of the California Code of Civil Procedure at the time of the *Corbett Case*, provided an appeal allowed from "an order confirming, modifying, correcting or vacating an award, or from a judgment upon an award, as from an order or judgment in an action."

[9] *Corbett v. Petroleum Maintenance Co.* (1953), 119 Cal. App. 2d 21, 22, 258 Pac. 2d 1077, the court stating: "Although no question has been raised as to the appealability of the order directing arbitration, we are of the opinion that we have no jurisdiction of the purported appeal." The court cited *Sjoberg v. Hastorf* (1948), 33 Cal. 2d 116, 199 Pac. 2d 668, as holding "that an order staying proceedings in an action and directing arbitration was not a judgment from which an appeal would lie . . . where the order did not direct the payment of money or the performance of any act by or against the complaining party."

[10] *Jardine-Matheson Co. v. Pacific Orient Co.* (1929), 100 Cal. App. 572, 575, 576, 280 Pac. 697.

be adverse to the obvious purpose of the arbitration clause of the agreement. In fact, this court has said: "The very purpose of grievance arbitration is to prevent individual problems from blossoming into labor disputes which cause strikes and lockouts and which require collective bargaining to restore peace and tranquility." [11] However, on the issue of statutory construction here involved, the point made is material only in establishing that the construction given the statute does not lead to an absurd or unreasonable result. [12] The public policy determination of whether trial court orders directing parties to proceed with arbitration under a bargaining agreement are appealable is for the legislature to determine. If it sees wisdom in permitting such appeals, it has only to add orders compelling arbitration to the list of those made appealable. Unless or until it does, we hold that under sec. 298.15, Stats., orders compelling submission of a grievance to arbitration under a bargaining agreement so providing are not appealable.

It is surely apparent that we have treated what is termed a "judgment" by the trial court more as an order than as a final judgment. The distinction between an order and a judgment is not material to holding the direction to proceed with arbitration to be nonappealable under sec. 298.15, Stats. Viewed either as an order or judgment, it does not come within the categories of each made appealable. However, the concept of judgment has an inbuilt implication of finality that is not here appropriate. The trial court remains the forum to which

---

[11] *Local 1226 v. Rhinelander, supra,* at page 216.

[12] ". . . A statute should not be construed so as to work absurd or unreasonable results." *Estate of Evans* (1965), 28 Wis. 2d 97, 101, 135 N. W. 2d 832, citing *Isaksen v. Chesapeake Instrument Corp.* (1963), 19 Wis. 2d 282, 120 N. W. 2d 151; *Worachek v. Stephenson Town School Dist.* (1955), 270 Wis. 116, 70 N. W. 2d 657.

either party may return to assert any and all objections to referral and award following arbitration. No right, including the right to challenge the complaint being a grievance under the terms of the agreement, is lost by holding that the order to proceed with arbitration is not appealable. Under the construction given the statute, such issues may be raised by either party, following the resort to arbitration, but not before. They are not erased nor cut off by such deferral. Holding the trial court's action here to have been in essence an order staying proceedings and directing the parties to proceed with arbitration, as their agreement provided, helps make that consequence clear. We so hold, and, so holding, dismiss the appeal.

*By the Court.*—Appeal dismissed, with costs.