WORTHINGTON, Respondent, v. FARMERS INSURANCE EXCHANGE, Appellant.

*No. 108. Submitted under sec. (Rule) 251.54 May 8, 1974.—Decided June 4, 1974.*
(Also reported in 218 N. W. 2d 373.)

The cause was submitted for the appellant on the brief of *Arnold, Murray & O'Neill,* attorneys, and *James P. O'Neill* of counsel, all of Milwaukee, and for the respondent on the brief of *Cook & Franke, S. C.,* attorneys, and *Francis R. Croak* and *Robert L. Elliott* of counsel, all of Milwaukee.

WILKIE, J.   The issue that is dispositive of this appeal is whether the order directing arbitration in this case is appealable.

It is always the duty of this court in considering any appeal to resolve, even sua sponte, the initial question of whether the order involved on the appeal is, in fact, appealable, because, of course, this goes to the very jurisdiction of the court to hear the appeal.[1]

Under the terms of sec. 298.15, Stats., an order to proceed with arbitration is not appealable. That section provides as follows:

"298.15 **Appeal from order or judgment.** An appeal may be taken from an order confirming, modifying, cor-

---

[1] *In re Interest of F. R. W. (a minor)* (1973), 61 Wis. 2d 193, 212 N. W. 2d 130; *Gallagher v. Schernecker* (1973), 60 Wis. 2d 143, 208 N. W. 2d 437; *Teamsters Union Local 695 v. Waukesha*

recting or vacating an award, or from a judgment entered upon an award, as from an order or judgment in an action."

In a recent case we held

". . . Under the construction given the statute, such issues [any and all objections to referral and award] may be raised by either party, following the resort to arbitration, but not before." [2]

*By the Court.*—Appeal dismissed.

*County* (1973), 57 Wis. 2d 62, 203 N. W. 2d 707; *Estate of Hillery* (1970), 46 Wis. 2d 689, 696, 176 N. W. 2d 376.

[2] *Teamsters Union Local 695 v. Waukesha County, supra,* footnote 1, at page 70.