APARACOR, INC., formerly known as Queen's Way to Fashion, Inc., a Delaware corporation, Plaintiff-Respondent-Petitioner,

v.

DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS and Mary Sue Thrasher, Defendants-Appellants.†

Supreme Court

*No. 79–325. Argued June 2, 1980.—Decided June 27, 1980.*
(Also reported in 293 N.W.2d 545.)

† Motion for reconsideration denied, without costs, on August 25, 1980. STEINMETZ, J., took no part.

For the respondent-petitioner there were briefs by *Frank J. Daily, Matthew J. Flynn* and *Quarles & Brady* of Milwaukee, and *Brian S. Hucker* and *McDermott, Will & Emery* of Chicago, Illinois, of counsel, and oral argument by *Frank J. Daily*.

For the defendants-appellants there was a brief and oral argument by *Thomas E. Smith,* enforcements section of Department of Industry, Labor and Human Relations.

WILLIAM G. CALLOW, J.   Petitioner Aparacor, Inc., a non-resident foreign corporation, commenced this action for judicial review in Milwaukee County circuit

court, seeking a reversal of a determination by the Department of Industry, Labor and Human Relations that Aparacor is subject to the provisions of Chapter 108, Stats. After filing motions to drop a party defendant and to strike certain portions of the complaint, the Department filed a motion for change of venue. The circuit court for Milwaukee County heard oral argument and subsequently ordered that the Department's motion for change of venue be denied. The Department petitioned the court of appeals for leave to appeal from that order. On April 23, 1979, the court of appeals granted the Department's petition and summarily reversed the order of the circuit court, ordering that venue be changed to the circuit court for Dane County. On June 20, 1979, we granted Aparacor's petition for review of the court of appeals' order. We conclude that an order denying a motion for change of venue is appealable by permission of the court of appeals; that the Department's right to object to improper venue was not waived by its first making other motions; and that venue in this action lies in Dane County. Accordingly, we affirm the order of the court of appeals.

I.

Aparacor's first contention is that an appeal from an order denying a motion for change of venue does not meet the standards for discretionary review set out in sec. 808.03(2), Stats. That section provides:

"(2) APPEALS BY PERMISSION. A judgment or order not appealable as a matter of right under sub. (1) may be appealed to the court of appeals in advance of a final judgment or order upon leave granted by the court if it determines that an appeal will:

"(a) Materially advance the termination of the litigation or clarify further proceedings in the litigation;

"(b) Protect the petitioner from substantial or irreparable injury; or

"(c) Clarify an issue of general importance in the administration of justice."

Aparacor's argument is twofold: Relying on legislative history, Aparacor first argues that orders relating to venue are not appealable under the permissive appeals statute; Aparacor then argues that, if venue orders are subject to appeal by permission, the court of appeals improperly applied the standards of sec. 808.03(2)(a), (b), and (c), Stats., in granting the Department's petition for leave to appeal. Neither of these contentions is tenable.

To determine whether interlocutory review of venue orders is permitted, Aparacor turns to the legislative history of sec. 808.03, Stats. The proper starting point, however, is the statute itself. As we recently stated, sec. 808.03 creates "an easily applied dichotomy: 'Orders which "[dispose] of the entire matter in litigation" are appealable by right; all other [orders] are appealable only by permission.'" *State v. Jenich,* 94 Wis.2d 74, 97b, 288 N.W.2d 114, 292 N.W.2d 348 (1980), quoting *State v. Rabe,* 96 Wis.2d 48, 291 N.W.2d 809, 813 (1980). Since the circuit court's order denying the Department's motion to change venue allows the litigation to continue and does not dispose of the entire matter in dispute, it is not a final order appealable as a matter of right under sec. 808.-03(1), Stats. Therefore, it may be appealed to the court of appeals pursuant to sec. 808.03(2), Stats., upon leave granted by that court. As counsel for Aparacor apparently conceded,[1] nothing in the language of that section precludes a permissive appeal from a venue order.

---

[1] *"Q. (By Justice Abrahamson)* (after reading sec. 808.03(2), Stats.): Now what in that language would lead you to think that an order changing venue is not appealable by permission?

*"A. (By Mr. Daily):* Nothing in that language, your Honor. I agree, the language on that is . . .

*"Q.* It's unambiguous.

Aparacor argues, however, that the legislative history of that section discloses an intent to preclude interlocutory review of venue orders. This contention cannot be considered because a basic precept of statutory construction is that no resort may be had to legislative history when a statute is clear and unambiguous. *Wirth v. Ehly,* 93 Wis.2d 433, 441–42, 287 N.W.2d 140 (1980); *Miller v. Wadkins,* 31 Wis.2d 281, 285, 142 N.W.2d 855 (1966). It is equally well established that reference to legislative history cannot be made for the purpose of rendering a statute ambiguous. *Evangelical Alliance Mission v. Williams Bay,* 54 Wis.2d 187, 190, 194 N.W.2d 646 (1972). Since Aparacor has pointed to no ambiguity in the text of sec. 808.03(2), Stats., the proffered legislative history will not be considered.

Nor shall we consider Aparacor's contention that the Milwaukee County circuit court's order, denying the Department's motion for change of venue to Dane County, does not meet the standards for discretionary review set out in sec. 808.03(2), Stats. "When the parties agree that the order of the circuit court is not a final order appealable as of right, this court will not review the court of appeals' exercise of its discretion whether to hear the appeal." *State v. Jenich,* 94 Wis.2d at 77 n. 2. Where the court of appeals denies permission to appeal from an order conceded by the parties to be nonfinal, no review by this court is permitted. *State v. Whitty,* 86 Wis.2d 380, 388, 272 N.W.2d 842 (1978); *State v. Jenich,* supra

"*A.* Well, I think when you read the commentaries and look at the purpose, I think there may be some ambiguity.

"*Q.* You don't look at the commentaries to make it ambiguous; you look at the commentaries to clarify an ambiguity. That's the usual rule of construction."

Oral Argument, *Aparacor, Inc. v. Department of Industry, Labor and Human Relations,* No. 79–325, June 2, 1980.

at 77 n. 2, 97d. Where the court of appeals grants permission to appeal, this court will not, case by case, review the court of appeals' exercise of discretion. Once the court of appeals has exercised its discretion and permissive appeal is allowed, review in this court is confined to the merits of the court of appeals' decision. A contrary practice would divest the court of appeals of the discretion entrusted to it by sec. 808.03(2). Accordingly, we turn to the merits of Aparacor's claims.

## II.

Aparacor next argues that, even if the venue order is appealable, the Department waived any objection to venue it may have in this case by filing a motion to strike a portion of the complaint and a motion to drop a party defendant in the circuit court of Milwaukee County prior to filing its motion for a change of venue. Aparacor reasons that the Department's prior motions signify an acceptance of Milwaukee County circuit court as the proper forum for the parties' dispute. We do not agree.

Sec. 801.53, Stats., set forth the procedure which must be followed by litigants seeking a change of venue. Its closing sentence provides: "The right to obtain a change of the place of trial shall not be affected by any other proceedings in the action." This sentence restates what has been law in Wisconsin since 1859 when this court held a defendant who demanded a change of venue, then demurred to the complaint, and appeared to argue the demurrer did not waive his right to object to improper venue by his demurrer and appearance. *Foster v. Bacon,* 9 Wis. 317 (*345), 319–20 (*347) (1859). In the present case, the Department served a demand for change of venue and subsequently served its motions to strike and to drop a party defendant. As in *Foster,* we find no waiver. The cases on which Aparacor relies deal with waiver of objections to personal or subject matter juris-

diction, matters distinct from venue, *Voight v. Aetna Casualty & Surety Co.,* 80 Wis.2d 376, 390, 259 N.W.2d 85 (1977), and with which they are too often confused. Comment, *Effect of Erroneous Refusal to Change Venue,* 1938 Wis. L. Rev. 349, 350; Comment, *Venue Problems in Wisconsin,* 56 Marq. L. Rev. 87, 117 (1972).

We find no reason to question the vitality of *Foster* and to judicially amend sec. 801.53, Stats., by finding a waiver in the present case. Sec. 801.53 requires that a demand for change of venue must first be served within twenty days after service of the complaint. The plaintiff then has five days to respond affirmatively. If no affirmative response is received, the motion for change of venue must be served within twenty days after service of the demand. Thus a defendant has a maximum of forty days to make a motion for change of venue under sec. 801.53. However, the same defendant has only twenty days to answer or make other defensive motions. Sec. 802.06, Stats. No provision in either secs. 801.53 or 802.06 suspends the time for responsive pleading if a demand or motion for change of venue is made. Aparacor's argument, that the filing of defensive motions prior to the motion for change of venue constitutes a waiver of objections to venue, requires that the demand for change of venue be made, the response time expire, and the motion be served, heard, and disposed of in less than twenty days so as to avoid a waiver of objection and a default judgment. We refuse to require such haste where not mandated by statute. Filing responsive pleadings does not constitute waiver of objection to venue.

### III.

On the merits of the circuit court's order, Aparacor contends venue properly lies in Milwaukee County. It

argues that sec. 102.23(1), Stats., contemplates the convenience of private parties in review proceedings involving the Department and that the most convenient forum is Milwaukee County.

Sec. 102.23(1), Stats., provides, in relevant part:

"The proceedings shall be in the circuit court of the county where the petitioner resides, except that if the petitioner is a state agency, the proceedings shall be in the circuit court of the county where the respondent resides. The proceedings may be brought in any circuit court if all parties stipulate and that court agrees. The judicial review provisions of ch. 227 do not apply to the review proceedings under this subsection."

When the petitioner is not a state agency, venue is established in the circuit court for the county of the petitioner's residence. An exception to this rule, not relevant here, allows venue to be brought in any circuit court if all parties stipulate and that court agrees. Aparacor is not a resident of Wisconsin. Thus no place of venue for this action is provided in sec. 102.23(1). Because of this omission, venue is to be determined by the provisions of Chapter 801, Stats., *Commencement of Action and Venue.*

Sec. 801.01(2), Stats., provides in part:

"(2) SCOPE. The sections in chs. 801 to 847 govern procedure and practice in circuit courts of this state in all civil actions and special proceedings whether cognizable as cases at law, in equity or of statutory origin *except where different procedure is prescribed by statute or rule.*" (Emphasis added.)

Sec. 801.50(9), Stats., provides:

"PLACE OF TRIAL. Except as provided in s. 220.12 and subject to the provisions for change of venue the proper place of trial of civil actions is as follows:

". . . .

"(9) ACTIONS AGAINST THE STATE. Of an action brought against the state or any state board or commission or any state officer in an official capacity, the coun-

ty of Dane unless another place is specifically authorized by law."

Any question as to whether an action brought against a department of the state is an action brought against the state was removed by our decision in *State ex rel. H&SS Dept. v. Dane Co. Cir. Ct.*, 71 Wis.2d 156, 158, 237 N.W. 2d 692 (1976), where we held that an action brought by a department of the state "is obviously an action by the state," with venue determined by the predecessor of sec. 801.50(8), Stats.[2] Aparacor correctly notes that sec. 102.23(1), Stats., specifically provides that actions for judicial review commenced under that statute are not subject to sec. 801.02, Stats. This provision has nothing to do with venue and was added by order of this court to make clear that actions for review must be commenced by service, *see:* sec. 102.23(1)(a), Stats., and that such action is not commenced by filing as are other civil actions. *See:* sec. 801.02, Stats. We conclude venue for this action is determined by sec. 801.50(9) and that venue is in Dane County. Accordingly, the case must be removed to that county. *See, e.g.: Stahl v. Broeckert,* 167 Wis. 113, 117, 166 N.W. 653 (1918); *State ex rel. Klabacka v. Charles,* 36 Wis.2d 122, 126, 152 N.W.2d 857 (1967). Aparacor's arguments concerning "the convenience of witnesses and the ends of justice" are arguments to be addressed to the Dane County circuit court should Aparacor seek a change of venue to Milwaukee County under sec. 801.54(2), Stats. They are of no relevance here.

*By the Court.*—The decision of the court of appeals is affirmed and cause remanded to the circuit court for further proceedings consistent with this opinion.

[2] Sec. 801.50(8), Stats., provides: "ACTIONS BY STATE. Of an action by the state against any county or county officer in any county; and actions brought to recover damages for trespass upon public lands, when the amount in controversy exceeds $200 in any county."