Michael LEAVITT, Secretary,
Department of Health and Human Services,
Involuntary-Plaintiff,

ESTATE OF Robert C. PARKER by
Special Administrator Elizabeth Parker
and Elizabeth Parker,
Plaintiffs-Petitioners-Appellants,

v.

BEVERLY ENTERPRISES, INC., ABC Insurance
Company, Beverly Enterprises - Wisconsin, Inc.
d/b/a Golden Age Nursing Home, DEF Insurance
Company, Beverly Health and Rehabilitation
Services, Inc., GHI Insurance Company, GGNSC
Tomahawk Golden Age, LLC d/b/a Golden Living
Center-Golden Age, JKL Insurance Company,
Beverly Indemnity, LTD. and American Home
Assurance Company, Defendants-Respondents.

Supreme Court

*No. 2008AP2440–LV. Oral argument April 16, 2010.
—Decided July 8, 2010.*

2010 WI 71

(Also reported in 784 N.W.2d 683.)

For the plaintiffs-petitioners-appellants there were briefs by *Jeffrey A. Pitman, Lisa L. Kritske, and Pitman, Kyle & Sicula,* Milwaukee, and oral argument by *Jeffrey A. Pitman.*

For the defendants-respondents there were briefs by *Robert F. Johnson, Colleen M. Fleming,* and *Cook & Franke, S.C.,* Milwaukee, and oral argument by *Robert F. Johnson.*

An amicus curiae brief filed by *William C. Gleisner, III* and *the Law Offices of William Gleisner,* Milwaukee, and *Rhonda L. Lanford* and *Habush, Habush & Rottier,* Milwaukee, on behalf of the Wisconsin Association for Justice.

¶ 1. ANN WALSH BRADLEY, J. This case is before the court in an unusual procedural posture. Elizabeth Parker and the Estate of Robert Parker (collectively, "Parker") filed a petition for review of two orders of the court of appeals, which dismissed and denied Parker's appeals of a circuit court order compelling arbitration.[1] In response, Beverly Enterprises-Wisconsin, Inc. d/b/a Golden Age Nursing Home and other defendants (col-

---

[1] *Estate of Parker v. Beverly Enterprises, Inc.,* No. 2008AP2440–LV, unpublished order (Wis. Ct. App. Nov. 17, 2008), reviewing an order of the circuit court for Lincoln County, Jay R. Tlusty, J.

lectively, "Beverly Enterprises") filed a motion to dismiss the petition for review. We address here the motion to dismiss the petition.

¶ 2. The decision to accept or deny a petition for review is within the discretion of this court. Wis. Stat. (Rule) § 809.62(1r). Normally, questions raised prior to our issuance of an order granting or denying a petition for review would not merit a published opinion. However, the questions raised by Beverly Enterprises' motion to dismiss presented important and unresolved issues of Wisconsin law that warranted supplementary briefing and oral arguments. We publish this order to provide needed guidance to litigants and to the court of appeals.

¶ 3. Beverly Enterprises' primary argument is that under *Teamsters Union Local No. 695 v. County of Waukesha*, 57 Wis. 2d 62, 203 N.W.2d 707 (1973), *Worthington v. Farmers Ins. Exch.*, 64 Wis. 2d 108, 218 N.W.2d 373 (1974), and Wis. Stat. § 788.15,[2] this court lacks jurisdiction to consider the petition for review because orders compelling arbitration are not appealable. It further claims that when the court of appeals denies permission to file an appeal, this court is not permitted to review the court of appeals' discretionary decision.

¶ 4. Because the reasoning underlying the *Teamsters* and *Worthington* decisions no longer reflects Wisconsin's approach to appellate jurisdiction, the interpretation of Wis. Stat. § 788.15 advanced by those cases no longer comports with Wisconsin law. Further, although we have repeatedly stated that we will not review the court of appeals' decision to deny leave to

---

[2] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise indicated.

appeal, our refusal is not based on lack of jurisdiction. Rather, it is based on practice, rooted in concerns for judicial administration and respect for the court of appeals' exercise of discretion.

¶ 5. We need not decide here whether appeal of a circuit court order compelling arbitration is a permissive appeal or an appeal as of right.[3] Under either circumstance, Article VII, § 3 of the Wisconsin Constitution provides that this court has jurisdiction to review an order issued by the court of appeals. Accordingly, we deny Beverly Enterprises' motion to dismiss the petition for review.[4]

I

¶ 6. On June 18, 2004, Robert Parker was admitted to the Golden Age Nursing Home in Tomah, Wisconsin. As his durable power of attorney, his wife Elizabeth signed various documents for the purposes of his admission. One of these documents was a "Resident and Facility Arbitration Agreement."

¶ 7. Robert Parker died six months after his admission. Elizabeth Parker and the Estate of Robert Parker filed a complaint in the Circuit Court of Lincoln County. The complaint alleged various breach of contract and tort claims against Beverly Enterprises.

---

[3] Although the parties discussed the procedures for appealing orders of the circuit court, they did not brief or argue whether an order compelling arbitration should be understood as a permissive appeal or an appeal as of right.

[4] This court previously advised the parties that the ordered briefing and argument would be limited to the threshold question of jurisdiction, not whether we should accept or deny the petition for review. *See infra,* ¶ 15. A separate order addressing the merits of the petition for review is also issued today.

¶ 8. In its answer, Beverly Enterprises raised the arbitration agreement as an affirmative defense. It then filed a notice of motion and motion to stay the judicial proceedings and compel arbitration pursuant to the arbitration agreement.

¶ 9. In an oral ruling, the circuit court determined that the arbitration agreement was valid under Wis. Stat. § 788.01.[5] It also determined that the agreement was neither procedurally nor substantively unconscionable. Having determined that the arbitration agreement was valid and enforceable, the court granted Beverly Enterprises' motion to stay proceedings and compel arbitration pursuant to Wis. Stat. § 788.02.[6]

¶ 10. Parker filed a petition for leave to appeal. When a party wishes to appeal a judgment or order that is not appealable as a matter of right, it is necessary to request leave to appeal pursuant to Wis. Stat. § 808.03(2) and § 809.50.

---

[5] Wisconsin Stat. § 788.01 provides:

A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part of the contract, or an agreement in writing between 2 or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable and enforceable except upon such grounds as exist at law or in equity for the revocation of any contract. . . .

[6] Wisconsin Stat. § 788.02 provides:

If any suit or proceeding be brought upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

¶ 11. Shortly thereafter, Parker also filed a notice of appeal. A notice of appeal, filed pursuant to Wis. Stat. § 808.03(1) and § 809.10, indicates an appeal of a final judgment or a final order which may be appealed as a matter of right.

¶ 12. In an unpublished order, the court of appeals stated: "To the extent the appellants/petitioners believe the subject order is appealable as of right, our supreme court has held that an 'order compelling submission of a dispute to arbitration is not appealable' under Wis. Stat. § 788.15." (Citing *Teamsters*, 57 Wis. 2d at 67.) The court of appeals' order dismissed the notice of appeal "for lack of jurisdiction."

¶ 13. The court of appeals also addressed Parker's petition for leave to appeal. It concluded: "[T]he petition fails to establish that granting interlocutory appeal would accomplish any of the purposes set out in Wis. Stat. § 808.03(2)." Thus, the court of appeals denied Parker's petition.

¶ 14. Parker filed a petition for review in this court. In response, Beverly Enterprises filed a motion to dismiss the petition for review, stating that this court lacks jurisdiction to review a circuit court order compelling arbitration. Parker replied, asserting that this court has limited jurisdiction to address whether an arbitration agreement is valid under Wis. Stat. §§ 788.01 and 788.02 prior to arbitration.[7] We ordered supplemental briefs and oral arguments on the question of this court's jurisdiction to consider the petition for review.

---

[7] The Wisconsin Association for Justice filed an amicus brief in support of Parker and also asserts that this court has jurisdiction.

¶ 15. In an order dated March 4, 2010, we further clarified that oral argument would be limited to the question of jurisdiction: "This court must decide whether it has jurisdiction to consider the petition for review filed on December 12, 2008. The arguments addressed to the court on April 16 are to be limited to whether the court has jurisdiction to accept the pending petition. The merits of the petition for review will not be considered at this time."

## II

¶ 16. Because this case is before the court in an unusual procedural posture, it is important to clarify the issues before the court. Both parties agree that the circuit court had jurisdiction over Parker's complaint. They also agree that the circuit court had jurisdiction to evaluate the validity of the arbitration agreement under Wis. Stat. § 788.01 and to stay the proceedings and compel arbitration under Wis. Stat. § 788.02.

¶ 17. The parties disagree, however, about whether the circuit court's order staying the proceedings and compelling arbitration was appealable. In this court, the question has been phrased by the parties as one of jurisdiction—that is, whether this court has jurisdiction to consider the petition for review.

¶ 18. Beverly Enterprises argues that the question of this court's jurisdiction has already been resolved. It asserts that under Wis. Stat. § 788.15 and longstanding case law, orders compelling arbitration are not appealable.

¶ 19. Wisconsin Stat. § 788.15 provides: "An appeal may be taken from an order confirming, modifying, correcting or vacating an award, or from a judgment entered upon an award, as from an order or judgment

428

in an action." In the mid-1970s, *Teamsters* and *Worthington* interpreted this language to mean that the supreme court had no jurisdiction to review an order compelling arbitration.

¶ 20. Beverly Enterprises argues that the legislature's failure to amend the language of Wis. Stat. § 788.15 demonstrates the legislature's agreement with the *Teamsters* and *Worthington* decisions. In its memorandum in support of the motion to dismiss, it explained:

> Had the Wisconsin Legislature taken issue with the interpretation this Court gave to Wis. Stat. § 788.15 or its predecessor, Wis. Stat. § 298.15, it could have taken ˙action. It could have added the phrase "orders compelling arbitration" to the types of orders appealable under Wis. Stat. § 788.15. It has not done so. Thus, its silence with regard to the Court's *Teamsters* and *Worthington* decisions demonstrates legislative acquiescence therein.

¶ 21. In addition, Beverly Enterprises argues that no review of the court of appeals' denial of leave to appeal is permitted. We address these arguments in turn.

## A

¶ 22. We begin by discussing whether this court has jurisdiction to consider a petition for review involving an order of the circuit court compelling arbitration. In the 1973 case *Teamsters Union Local 695 v. County of Waukesha,* 57 Wis. 2d 62, this court concluded that an order compelling arbitration was not appealable.

¶ 23. *Teamsters* involved a dispute under a collective bargaining agreement, which provided that unsettled grievances would be submitted to arbitration.

*Id.* at 64–65. The circuit court entered judgment compelling arbitration. One of the parties filed notice of appeal.

¶ 24. In a published opinion, the supreme court raised sua sponte the threshold question of jurisdiction, which had not been briefed or argued by the parties:

> A number of issues are raised or present themselves on this appeal. However, the threshold that must be crossed to reach any of them is the question of appealability. If the order or judgment of the trial court directing the parties to proceed to arbitration is not appealable, this court is without jurisdiction to do more than to dismiss the appeal. While not raised or argued on this appeal, this basic question of appealability must be initially resolved as it goes to the jurisdiction of this court to hear the appeal at all.

*Id.* at 65–66.

¶ 25. The court determined that the answer to this question depended on "the language of the statute of the particular jurisdiction, if any, defining appealability or listing or describing the kinds of orders which are or are not appealable." *Id.* at 67. It looked to the predecessor to the current Wis. Stat. § 788.15, which provided:

> An appeal may be taken from an order confirming, modifying, correcting or vacating an award, or from a judgment entered upon an award, as from an order or judgment in an action.

Wis. Stat. § 298.15 (1971–72) (renumbered to Wis. Stat. § 788.15 by 1979 Wis. Act 32).

¶ 26. Based on this statute, the court concluded that only those judgments or orders that confirm, modify, correct, or vacate an arbitration award are appealable. *Id.* at 67. It reached this conclusion by

430

applying the rule of construction, "expressio unius est exclusio alterius," which means that express mention of one matter excludes other similar matters not mentioned. *Id.* at 67. Because an order compelling arbitration is not an order confirming, modifying, correcting, or vacating an arbitration award, the *Teamsters* court determined that it was not appealable, and that the court lacked jurisdiction to review the order.[8] *Id.* at 67.

¶ 27. The court further stated that public policy supported its determination that orders compelling arbitration were not appealable: "[I]f at the very threshold of the proceeding the defaulting party could appeal and thereby indefinitely delay the matter of arbitration, the object of the law and the purpose of the written agreement"—presumably, speedy resolution of the dispute—"would be entirely defeated." *Id.* at 68 (quoting *Corbett v. Petroleum Maintenance Co.,* 258 P.2d 1077 (Cal. App. 1953)). Nevertheless, the court recognized that the public policy decision was a determination for the legislature to make: "If [the legislature] sees wisdom in permitting such appeals, it has only to add orders compelling arbitration to the list of those made appealable." *Id.* at 69.

¶ 28. One year later, the court decided *Worthington v. Farmers Insurance Exchange,* 64 Wis. 2d 108. There, the circuit court compelled an insured and her insurer to arbitrate their dispute under the terms of their arbitration agreement. This court applied the

---

[8] The *Teamsters* court explained that "[n]o right . . . is lost by holding that the order to proceed with arbitration is not appealable. Under the construction given the statute, such issues may be raised by either party, following the resort to arbitration, but not before. They are not erased or cut off by such deferral." *Teamsters Union Local No. 695 v. County of Waukesha,* 57 Wis. 2d 62, 70, 203 N.W.2d 707 (1973).

holding and rationale from *Teamsters* and concluded that the circuit court's order was not appealable.

¶ 29. In the 37 years following *Teamsters,* the legislature has not added orders compelling arbitration to the list of appealable orders in Wis. Stat. § 788.15. Aside from being renumbered, the statute has not been amended.

¶ 30. However, in the years since *Teamsters* was decided, the legislature has made significant and substantive changes to the law governing appellate jurisdiction. These changes were introduced by constitutional amendment and by statute when the court system was reorganized in 1977. After these changes, the *Teamsters* court's analysis does not accurately reflect Wisconsin's construct of appellate jurisdiction.

¶ 31. Prior to 1977, the supreme court was the only appellate court in the state. Under Wis. Stat. § 817.09(2) (1975–76),[9] final judgments were appealable to the supreme court as a matter of right. In addition, some specified non-final orders were also appealable as a matter of right, and Wis. Stat. § 817.33 (1975–1976) enumerated a long list of those orders.[10]

---

[9] This section was renumbered in the years prior to the court reorganization. When *Teamsters* and *Worthington* were decided, the relevant statute was Wis. Stat. § 274.09 (1971–72).

[10] Wis. Stat. § 817.33 (1975–76) provided in part:

Appealable orders. The following orders when made by the court may be appealed to the supreme court:

(1) An order affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken.

. . . .

(3) When an order:

(a) Grants, refuses, continues or modifies a provisional remedy;

432

¶ 32. Orders compelling arbitration were not on the list of appealable orders in Wis. Stat. § 819.33. Therefore, to determine whether such an order was appealable, the *Teamsters* court looked to the statutes governing arbitration. Not finding an order compelling arbitration in the list of appealable orders within the statutory chapter on arbitration either, the court concluded that such an order was not appealable and that it had no jurisdiction to hear the appeal. The *Teamsters* decision comports with Wisconsin's approach to appellate jurisdiction at the time it was decided.

¶ 33. Effective August 1, 1978, the organization of the Wisconsin court system was significantly and substantively changed. The most significant change was the creation of the court of appeals. *See* Wis. Const. art.

(b) Grants, refuses, modifies or dissolves an injunction;

(c) Sets aside or dismisses a writ of attachment;

(d) Grants a new trial;

(e) Grants or overrules a motion to dismiss under s. 802.06(2) or a motion for judgment on the pleadings based on total insufficiency of pleaded defenses under s. 802.06(3) or a motion to strike based on the insufficiency of one or more pleaded defenses under s. 802.06(6);

(f) Decides a question of jurisdiction;

(g) Grants or denies a motion for stay of proceeding under s. 801.63; or

(h) Denies a motion for summary judgment.

(3m) A party on whose motion a new trial has been ordered may nevertheless appeal from such order for the purpose of reviewing a denial of his motion after verdict for judgment notwithstanding the verdict or to change answers in the verdict.

(4) Orders made by the court vacating or refusing to set aside orders made at chambers, when an appeal might have been taken in case the order so made at chambers had been made by the court in the first instance. For the purpose of appealing from an order either party may require the order to be entered by the clerk of record.

VII, § 5 and Wis. Stat. § 808.03. Due to the addition of an intermediate appellate court, the legislature reconfigured concepts of appellate jurisdiction.

¶ 34. Article VII, § 3 of the Wisconsin Constitution is titled "Supreme court: jurisdiction." It now provides that this court "has appellate jurisdiction over all courts," and "[t]he supreme court may review judgments and orders of the court of appeals . . . ." Sections 3(2), 3(3). Review by the supreme court is a matter of the court's discretion, not of right. Wis. Stat. § (Rule) 809.62.

¶ 35. The constitutional amendments also set forth the jurisdiction of the court of appeals. Wisconsin Const. Art. VII, § 5(3) now provides that the court of appeals "shall have such appellate jurisdiction in the district . . . as the legislature may provide by law . . . ." To fulfill its obligation to provide for the jurisdiction of the court of appeals, the legislature passed 1977 Wis. Act 187. That act created Wis. Stat. § 808.03, titled "Appeals to the court of appeals."

¶ 36. Section 808.03 provides as follows:

(1) Appeals as of right. A final judgment or a final order of a circuit court may be appealed as a matter of right to the court of appeals unless otherwise expressly provided by law. . . .

(2) Appeals by permission. A judgment or order not appealable as a matter of right under sub. (1) may be appealed to the court of appeals in advance of a final judgment or order upon leave granted by the court if it determines that an appeal will:

(a) Materially advance the termination of the litigation or clarify further proceedings in the litigation;

(b) Protect the petitioner from substantial or irreparable injury; or

(c) Clarify an issue of general importance in the administration of justice.

¶ 37. The explanatory note in 1977 Senate Bill 525, which became 1977 Wis. Act. 187, explained that Wis. Stat. § 808.03 replaced the former §§ 817.09 and 817.33. It further explained that section 808.03 "represents a major substantive change."

¶ 38. The "major substantive change" created by Wis. Stat. § 808.03 is described in the leading treatise on Wisconsin appellate procedure as follows:

> [T]he reorganization of the Wisconsin court system replaced a long list of appealable orders and judgments with a simple test allowing appeals as of right only from final orders or judgments. The corollary to this limitation on appeals as a matter of right is to allow appeals from nonfinal orders and judgments with permission of the court of appeals.

Michael S. Heffernan, *Appellate Practice and Procedure in Wisconsin* § 9.1 (4th ed. 2006). The treatise further explains: "This discretionary jurisdiction to consider nonfinal orders and judgments replaces the exceptions in the prior procedure that allowed appeals as of right from many types of nonfinal orders and judgments." *Id.*, § 2.3.

¶ 39. Following the court reorganization, we no longer look to statutory language "listing or describing the kinds of orders which are or are not appealable" to determine whether we have appellate jurisdiction over a particular circuit court order. *See Teamsters,* 57 Wis. 2d at 67. Rather, under the constitution and the applicable statutes, appellate courts now have broad jurisdiction over all orders and judgments of the circuit

court. The reasoning of the *Teamsters* and *Worthington* decisions no longer reflects Wisconsin's approach to appellate jurisdiction.

¶ 40. Nevertheless, some of the policy rationale underlying *Teamsters* and *Worthington* still ring true. The object and purpose of a written arbitration agreement could be easily defeated at the very threshold of the proceeding if appeals were permitted on a regular basis. *See Teamsters,* 57 Wis. 2d at 68 (quoting *Corbett v. Petroleum Maintenance Co.,* 258 P.2d 1077 (Cal. App. 1953)). It has been the policy of this state and this court to foster arbitration as an alternative to litigation. *State v. P.G. Miron Constr. Co., Inc.,* 181 Wis. 2d 1045, 1055, 512 N.W.2d 499 (1994). The advantages of arbitration "lie[] in the avoidance of the formalities, delay, and expense of litigation." *Id.* When the parties have voluntarily agreed to arbitrate their disputes, both their intentions and these advantages are of paramount importance.

B

¶ 41. Having concluded that *Teamsters, Worthington*, and Wis. Stat. § 788.15 do not prevent this court from considering the petition for review, we turn to Beverly Enterprises' second argument. It asserts no review of the court of appeals' denial of leave to appeal is permitted.

¶ 42. Section 808.03(2) provides the standard by which the court of appeals exercises its discretion in determining whether to grant a permissive appeal. The court of appeals will grant leave only if it concludes that doing so will (a) materially advance the termination of

the litigation or clarify further proceedings in the litigation; (b) protect the petitioner from substantial or irreparable injury; or (c) clarify an issue of general importance in the administration of justice. *See* Wis. Stat. § 808.03(2).

¶ 43. Further, the court of appeals seldom grants permissive appeals when the party seeking leave does not demonstrate likely circuit court error and is therefore unlikely to prevail on the merits. "[T]he court will want to ensure that an appeal will not simply serve to delay and defeat the ends of justice, rather than expedite and clarify the proceedings." Heffernan, *supra,* § 9.4.

¶ 44. Here, the court of appeals denied leave to appeal, explaining that the criteria in 808.03(2) were not met. We have frequently stated that we will not review, case by case, the court of appeals' discretionary determination to grant or deny a permissive appeal. *See State v. Whitty,* 86 Wis. 2d 380, 272 N.W.2d 842 (1978); *Aparacor, Inc. v. DILHR,* 97 Wis. 2d 399, 403, 293 N.W.2d 545 (1980) (citing *State v. Jenich,* 94 Wis. 2d 74, 77 n.2, 288 N.W.2d 114 (1980) ("When the parties agree that the order of the circuit court is not a final order appealable as of right, this court will not review the court of appeals' exercise of its discretion whether to hear the appeal.").

¶ 45. The language of our case law is strong. We have stated that "[w]here the court of appeals denies permission to appeal from an order conceded by the parties to be nonfinal, no review by this court is permitted." *Aparacor,* 97 Wis. 2d at 403.

¶ 46. Yet, these cases do not indicate that this court lacks jurisdiction to review the court of appeals' order. Nothing in the Wisconsin Constitution or the Wisconsin statutes indicates that this court has no

jurisdiction over the case. To the contrary, the Wisconsin Constitution provides that we have "appellate jurisdiction over all courts" and we "may review judgments and orders of the court of appeals."

¶ 47. Rather than a matter of jurisdiction, our refusal to review the court of appeals' denial of a permissive appeal is a matter of practice, based on judicial administration and respect for the court of appeals' exercise of discretion. "It is well settled that petitions seeking review of a court of appeals' denial of leave to appeal are generally not permitted." *Engelhaupt v. United Transp. Union,* No. 2007AP18–LV, unpublished slip op., ¶ 5 (Wis. June 10, 2008). As we explained in *Aparacor,* "[a] contrary practice would divest the court of appeals of the discretion entrusted to it by sec. 808.03(2)." 97 Wis. 2d at 404.

### III

¶ 48. In sum, because the reasoning underlying the *Teamsters* and *Worthington* decisions no longer reflects Wisconsin's approach to appellate jurisdiction, the interpretation of Wis. Stat. § 788.15 advanced by those cases no longer comports with Wisconsin law. Further, although we have repeatedly stated that we will not review the court of appeals' decision to deny leave to appeal, our refusal is not based on lack of jurisdiction. Rather, it is based on practice, rooted in concerns for judicial administration and respect for the court of appeals' exercise of discretion.

¶ 49. We need not decide here whether appeal of a circuit court order compelling arbitration is a permissive appeal or an appeal as of right. Under either circumstance, Article VII, § 3 of the Wisconsin Consti-

438

tution provides that this court has jurisdiction to review an order issued by the court of appeals. Accordingly, we deny Beverly Enterprises' motion to dismiss the petition for review.

*By the Court.*—The motion to dismiss the petition for review is denied.

¶ 50. DAVID T. PROSSER, J. *(concurring)*. I join the majority opinion but write separately to emphasize that the sole reason for hearing this matter was to address the unresolved question of jurisdiction.

¶ 51. In response to Parker's petition for review, Beverly Enterprises contended that the court lacked jurisdiction to review a circuit court order compelling arbitration. Making an argument that this court lacks *jurisdiction* to review a circuit court order is roughly equivalent to a minnow taunting a muskellunge. Neither the argument nor the minnow is likely to survive.

¶ 52. Nonetheless, no reader should view this opinion as an invitation for parties to appeal circuit court orders compelling arbitration, or file petitions for review from orders like the order issued by the court of appeals. *See* Majority op., ¶ 40.

¶ 53. Under Wis. Stat. § 788.01, arbitration agreements are enforceable "except upon such grounds as exist at law or in equity for the revocation of any contract." In this case, the circuit court admirably performed its duty to determine whether the arbitration agreement was enforceable before ordering the parties to proceed to arbitration. It analyzed in detail the enforceability of the arbitration agreement, including an assessment of both procedural and substantive unconscionability. Beginning with procedural unconscionability, the court considered, among other factors, that the plaintiffs had other options for nursing homes, the defendant's attorney drafted the agreement, the

agreement was conspicuously written and was not in fine print, the terms of the agreement were not contradictory, and the agreement was not a "take it or leave it proposition." Addressing the issue of substantive unconscionability, the court considered that the agreement was a bilateral one, arbitration was to be done by a professional arbitrator, and the limitation of claims in the agreement affected both parties equally.

¶ 54. In short, the circuit court meticulously considered the factors set out in Wisconsin law for determining both substantive and procedural unconscionability. *See Wis. Auto Title Loans, Inc. v. Jones*, 2006 WI 53, ¶¶ 34–36, 290 Wis. 2d 514, 714 N.W.2d 155.

¶ 55. In a very rare case in which this court reviewed a court of appeals decision on appeal from an order compelling arbitration we "recognize[d] that the courts of this state must act with extreme care when they become involved in an arbitration proceeding. After all, a fundamental tenet of arbitration is that of avoiding the court system." *See, e.g., Employers Ins. of Wausau v. Jackson*, 190 Wis. 2d 597, 613, 527 N.W.2d 681 (1995). This consideration is particularly strong when appellate review could delay proceedings for several years before arbitration could begin.

¶ 56. Appellate courts have *jurisdiction* to review orders compelling arbitration, but that does not mean they should exercise that jurisdiction. When, as in this case, a circuit court performs the proper legal analysis and orders the parties to proceed to arbitration based upon a written arbitration agreement, appellate courts should review such an order only in the most extraordinary of circumstances.

¶ 57. For the foregoing reasons, I write separately.

¶ 58. I am authorized to state that Justice MICHAEL J. GABLEMAN joins this concurrence.

¶ 59. ANNETTE KINGSLAND ZIEGLER, J. *(concurring)*. I join the majority and agree that this court has jurisdiction to consider this petition for review. Majority op., ¶ 5. However, the majority declines to address whether an order compelling arbitration is appealable as of right or only by permission. *Id.* I write separately because I would go further and decide that an order compelling arbitration is not appealable as of right. A conclusion otherwise would contravene our long-standing policy of encouraging arbitration as an alternative to litigation. For that reason I respectfully concur.

¶ 60. I conclude that an order compelling arbitration is appealable only by permission under Wis. Stat. § 808.03(2). An order compelling arbitration is not appealable as of right because it is not a "final order." § 808.03(1). A final order is an order "that disposes of the entire matter in litigation as to one or more of the parties." *Id.* In this case, there is no question that the order compelling arbitration did not "dispose[] of the entire matter in litigation" as to either party, *id.;* rather, the order stayed the proceedings while the case proceeded to arbitration. The Estate of Parker (the Estate) does not argue otherwise. In its brief before this court, the Estate conceded that the court of appeals "was correct in reviewing the order compelling arbitration as a non-final order." Because an order compelling arbitration is a non-final order, it may be appealed only upon leave granted by the court of appeals. *See* § 808.03(2) (providing that the court of appeals may grant leave to hear an appeal from a non-final judgment or order if the court determines that an appeal will "(a) [m]aterially advance the termination of the litigation or clarify further proceedings in the litigation; (b) [p]rotect the

petitioner from substantial or irreparable injury; or (c) [c]larify an issue of general importance in the administration of justice").

¶ 61. More importantly, to allow an order compelling arbitration to be appealable as of right would contravene our long-standing policy of encouraging arbitration as an alternative to litigation. "It has been the policy of this state and this court to foster arbitration as an alternative to litigation. The advantage of such a process lies in the avoidance of the formalities, delay, and expense of litigation." *State v. P.G. Miron Constr. Co. Inc.*, 181 Wis. 2d 1045, 1055, 512 N.W.2d 499 (1994) (internal citations omitted). Indeed, we have recognized that "the goal of arbitration is 'to resolve the entire controversy out of court without the formality and *expense* that normally attaches to the judicial process.' " *Borst v. Allstate Ins. Co.*, 2006 WI 70, ¶ 61, 291 Wis. 2d 361, 717 N.W.2d 42 (quoting 2A Jay E. Grenig & Nathan A. Fishbach, *Wisconsin Practice Series: Methods of Practice* § 86.40, at 272 (4th ed. 2004)); *see also Franke v. Franke,* 2004 WI 8, ¶ 24, 268 Wis. 2d 360, 674 N.W.2d 832 ("[P]ublic policy favors arbitration as promoting the efficient resolution of disputes, and as giving the parties what they bargained for, that is, an arbitrator's, not a court's decision."). Arbitration is supposed to take place outside the province of the court until a party applies to the court for an order confirming, *see* Wis. Stat. § 788.09, vacating, *see* Wis. Stat. § 788.10, or modifying, *see* Wis. Stat. § 788.11, the arbitrator's award. The court may then enter judgment in conformity with its order confirming or modifying the award. Wis. Stat. § 788.12. Thus, the parties still have the opportunity to have their day in court, if necessary, after arbitration is complete. The goal and structure of arbitration would be completely under-

mined should we allow an order compelling arbitration to be appealable as of right, thereby inviting the arbitration system into the appellate process before the arbitration even occurs. Arbitration is designed to be the first step, not the last step. For that very same reason, an order denying arbitration, which requires the case to proceed in court, should be appealable as of right. *See Wis. Auto Title Loans, Inc. v. Jones,* 2006 WI 53, 290 Wis. 2d 514, 714 N.W.2d 155.

¶ 62. In summary, I would go further than the majority and decide that an order compelling arbitration is not appealable as of right. A conclusion otherwise would contravene our long-standing policy of encouraging arbitration as an alternative to litigation.

¶ 63. For the foregoing reason, I respectfully concur.