MICHAEL J. GABLEMAN, J. (Concurring).
¶ 43 I agree with the majority that the entry into Delap's residence was lawful pursuant to Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), and, consequently, his conviction should be affirmed.[1] However, I would go further and also answer the question of whether the officers' entry into Delap's residence was lawful pursuant to the hot pursuit doctrine. See, e.g., State v. Washington, 2018 WI 3, ¶¶ 61-68, 379 Wis. 2d 58, 905 N.W.2d 380 (Gableman, J., joined by R.G. Bradley and Kelly, JJ, concurring) ("I would go further and hold that Washington forfeited his right to be present at trial."); Leavitt v. Beverly Enters., 2010 WI 71, ¶¶ 59-62, 326 Wis. 2d 421, 784 N.W.2d 683 (Ziegler, J., concurring) ("I write separately because I would go further and decide that an order compelling arbitration is not appealable as a matter of right.").
*106 ¶ 44 Though appellate courts should generally decide cases on the narrowest possible grounds, State v. Toliver, 2014 WI 85, ¶ 12, 356 Wis. 2d 642, 851 N.W.2d 251, I would make an exception in this case for three reasons: (1) the circuit court and court of appeals based their respective decisions on hot pursuit;[2] (2) Delap presented only the hot pursuit question in his petition for review;[3] and (3) answering the *183 hot pursuit question in this case may serve to alleviate any confusion stemming from our splintered decision in State v. Weber, 2016 WI 96, 372 Wis. 2d 202, 887 N.W.2d 554.
I. THE OFFICERS WERE IN HOT PURSUIT OF DELAP WHEN THEY ENTERED HIS HOME.
¶ 45 "The Fourth Amendment to the United States Constitution and Article I, Section 11 of the Wisconsin Constitution protect the right of people to be secure in their persons ... against unreasonable searches and seizures." State v. Tullberg, 2014 WI 134, ¶ 29, 359 Wis. 2d 421, 857 N.W.2d 120. This protection also bars police entry into a private residence without consent or a warrant. Welsh v. Wisconsin, 466 U.S. 740, 748, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984). Wisconsin "adhere[s] to the basic principle that warrantless searches[, or entries,] are per se *107 unreasonable unless they fall within a well-recognized exception to the warrant requirement." State v. Foster, 2014 WI 131, ¶ 32, 360 Wis. 2d 12, 856 N.W.2d 847. One well-recognized exception to the warrant requirement is the exigent circumstances doctrine. State v. Robinson, 2010 WI 80, ¶ 24, 327 Wis. 2d 302, 786 N.W.2d 463. The exigent circumstances doctrine provides that a warrantless search is reasonable under the Fourth Amendment if the need for the search is urgent and there is insufficient time to obtain a warrant. Tullberg, 359 Wis. 2d 421, ¶ 30, 857 N.W.2d 120.
¶ 46 We have identified four categories of exigent circumstances: "1) hot pursuit of a suspect, 2) a threat to the safety of a suspect or others, 3) a risk that evidence will be destroyed, and 4) a likelihood that the suspect will flee." State v. Howes, 2017 WI 18, ¶ 24, 373 Wis. 2d 468, 893 N.W.2d 812 (quoting State v. Richter, 2000 WI 58, ¶ 29, 235 Wis. 2d 524, 612 N.W.2d 29 ). The burden is on the State to "prov[e] that a warrantless home entry is justified by exigent circumstances." State v. Ferguson, 2009 WI 50, ¶ 20, 317 Wis. 2d 586, 767 N.W.2d 187. In the present matter, we are concerned with only the first category of exigent circumstances: hot pursuit.
¶ 47 The hot pursuit exception applies when officers are in "immediate or continuous pursuit of [a suspect] from the scene of a crime." State v. Weber, 2016 WI 96, ¶ 28, 372 Wis. 2d 202, 887 N.W.2d 554 (quoting Richter, 235 Wis. 2d 524, ¶ 29, 612 N.W.2d 29 ). Thus, the State must show that: (1) the officers were in immediate pursuit of the suspect; and (2) the officers had probable cause to arrest the fleeing suspect for a "jailable criminal offense." State v. Sanders, 2008 WI 85, ¶ 117, 311 Wis. 2d 257, 752 N.W.2d 713 (Prosser, J., concurring) (citing Welsh, 466 U.S. at 753, 104 S.Ct. 2091 ).
*108 A. The Officers were in Immediate Pursuit of Delap
¶ 48 The first element of the hot pursuit test requires that the officers actually be engaged in pursuing or chasing the defendant. While " 'hot pursuit' means some sort of chase, ... it need not be an extended hue and cry in and about public streets." United States v. Santana, 427 U.S. 38, 43, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976). A pursuit or chase that ends "almost as soon as it began [does] not render it any less a 'hot pursuit' sufficient to justify the warrantless entry." Sanders, 311 Wis. 2d 257, ¶ 109, 752 N.W.2d 713 (Prosser, J., concurring) (citing Santana, 427 U.S. at 43, 96 S.Ct. 2406 ). "[A] suspect may not defeat an arrest which has been set in motion in a public place, and is therefore proper under *184 [ United States v. Watson, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976) ], by the expedient of escaping into a private place." Santana, 427 U.S. at 40, 96 S.Ct. 2406.
Law enforcement is not a child's game of prisoner[']s base, or a contest, with apprehension and conviction depending upon whether the officer or defendant is the fleetest of foot. A police officer in continuous pursuit of a perpetrator of a crime committed in the officer's presence ... must be allowed to follow the suspect into a private place, or the suspect's home if he chooses to flee there, and effect the arrest without a warrant.
Weber, 372 Wis. 2d 202, ¶ 30, 887 N.W.2d 554 (quoting Sanders, 311 Wis. 2d 257, ¶ 133, 752 N.W.2d 713 (Prosser, J., concurring) ).
¶ 49 Stated otherwise, "[a]n officer in 'hot pursuit' does not need to make a split-second determination about the availability of 'hot pursuit' as an exigency.... [He must] determin[e] whether there is probable cause to make an arrest for a jailable crime. Presuming probable cause, pursuit ... is justified." Sanders, 311 Wis. 2d 257, ¶ 117, 752 N.W.2d 713 (Prosser, J., concurring).
*109 ¶ 50 This element of the hot pursuit test is satisfied by the circumstances of the chase from Delap's driveway to his doorway. Although the chase was short, it nonetheless qualifies as a chase because Sgt. Willmann pursued Delap from his driveway into his home after identifying himself as a police officer and ordering Delap to stop. See Santana, 427 U.S. at 43, 96 S.Ct. 2406 ; Sanders, 311 Wis. 2d 257, ¶ 109, 752 N.W.2d 713 (Prosser, J., concurring).
B. The Officers had Probable Cause to Arrest Delap for a Jailable Offense.
¶ 51 The second element of hot pursuit requires that the officers had probable cause to believe that the defendant committed a jailable offense at the time of the chase. See Ferguson, 317 Wis. 2d 586, ¶ 29, 767 N.W.2d 187. "[I]n evaluating whether a warrantless entry is justified by exigent circumstances, [courts] should consider whether the underlying offense is a jailable or nonjailable offense, rather than whether the legislature has labeled that offense a felony or misdemeanor." Id. (citing Welsh, 466 U.S. at 753, 104 S.Ct. 2091 (holding that a noncriminal traffic offense was not serious enough for exigent circumstances to exist); Sanders, 311 Wis. 2d 257, ¶ 93, 752 N.W.2d 713 (Prosser, J., concurring) ).
¶ 52 Here, the officers had probable cause that Delap committed the jailable offense of obstructing an officer contrary to Wis. Stat. § 946.41(1). Obstructing an officer is a class A misdemeanor punishable by up to 9 months in jail and/or a fine not to exceed $10,000. Wis. Stat. § 946.41(1) ; see also Wis. Stat. § 939.51(3)(a).
¶ 53 In order to convict a person of obstructing an officer, the State must prove that the person knowingly: (1) obstructed an officer; (2) while the officer *110 was doing any act in an official capacity; and (3) the officer was acting with lawful authority.[4] Wis. Stat. § 946.41(1) ; see also State v. Lossman, 118 Wis. 2d 526, 536, 348 N.W.2d 159 (1984).
¶ 54 Delap's conduct provided the officers with probable cause to believe he violated all three elements. First, Delap knowingly obstructed the officers when he *185 fled from them. State v. Grobstick, 200 Wis. 2d 242, 249-50, 546 N.W.2d 187 (Ct. App. 1996).
¶ 55 Second, Delap knew the officers were acting in their official capacity because: (1) the officers were the only people walking up the street at the time; (2) the officers were shining their flashlights in the direction of Delap; (3) the officers were in full uniform; and (4) the officers yelled "stop-police" when they saw Delap. Sanders, 311 Wis. 2d 257, ¶ 121, 752 N.W.2d 713 (Prosser, J., concurring) (citing City of Middletown v. Flinchum, 95 Ohio St.3d 43, 765 N.E.2d 330, 331 (2002) ).
¶ 56 Third, we are to look at the totality of the circumstances to determine whether Delap knew the officers were acting with lawful authority. See Lossman, 118 Wis. 2d at 543-44, 348 N.W.2d 159 ("[I]n order for the [S]tate to prove that the defendant knew or believed that the officer was acting with lawful authority, the defendant's subjective intent must be ascertained, based on the totality of the circumstances."). Many of the same facts that demonstrate Delap knew the officers were acting in their official capacities also demonstrate that he knew they were acting with lawful authority:
*111 (1) the officers were in uniform; (2) the officers were wearing their standard service belt; and (3) the officers yelled that they were police when Delap started running. See id. (holding that jury could infer defendant knew officer was acting with lawful authority because defendant: (1) saw the officer in uniform; (2) saw the officer's holstered weapon; and (3) was told why the officer was on his property). Based on these facts, the officers had probable cause to believe Delap committed the jailable offense of obstructing an officer.
II. CONCLUSION
¶ 57 In his petition for review, Delap raised the issue of whether his arrest fell within the hot pursuit exception to the warrant requirement under the Fourth Amendment-the basis on which the court of appeals affirmed his conviction. State v. Delap, 2016AP2196-CR, unpublished slip op., 2017 WL 1407571 (Wis. Ct. App. April 20, 2017). While I both fully understand that "it is axiomatic that this court is not bound by the issues presented or the arguments made by the parties,"[5] and agree with the majority's application of Payton, 445 U.S. 573, 100 S.Ct. 1371, I believe it would have been prudent for the court to address the hot pursuit exception to help resolve any confusion stemming from our splintered decision in Weber, 372 Wis. 2d 202, 887 N.W.2d 554 last term.
¶ 58 Accordingly, I respectfully concur.
¶ 59 I am authorized to state that Justice DANIEL KELLY joins this concurrence.

I join the majority opinion except the last sentence of ¶ 5 and footnote three.

The circuit court relied on both Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980) and hot pursuit in its oral decision denying Delap's motion to suppress. However, in its written order, the circuit court relied only on hot pursuit. In addition, the court of appeals relied only on hot pursuit in affirming Delap's conviction. State v. Delap, 2016AP2196-CR, unpublished slip op., 2017 WL 1407571 (Wis. Ct. App. April 20, 2017).

The State raised Payton in its response brief to this court. Though petitioners may address only issues raised in the petition for review, respondents (such as the State in this case) may advance any argument in support of the judgment below. Cynthia E. v. La Crosse Cty. Human Servs., 172 Wis. 2d 218, 233, 493 N.W.2d 56 (1992).

The pattern jury instructions list four elements for the crime of obstructing an officer. Wis. JI-Criminal 1766 (2010). This is so because the pattern jury instructions construe the necessary mens rea (knowing) as a separate, fourth element of the offense. Id.; see also State v. Young, 2006 WI 98, ¶ 57, 294 Wis. 2d 1, 717 N.W.2d 729.

State v. Alexander, 2015 WI 6, ¶ 83, 360 Wis. 2d 292, 858 N.W.2d 662 (Gableman, J., concurring); see also Springer v. Nohl Elec. Prods. Corp., 2018 WI 48, ¶ 41, 381 Wis. 2d 438, 912 N.W.2d 1.